**Howard HARRIS, Jr., Appellant,**

v.

**Dorothy L. HARRIS, Respondent.**

**No. WD 34883.**

Missouri Court of Appeals,
Western District.

May 1, 1984.

Karon D. Ramsey, Kansas City, for appellant.

James H. Green, Kansas City, for respondent.

Before TURNAGE, C.J., and PRITCHARD and KENNEDY, JJ.

TURNAGE, Chief Judge.

Howard Harris, Jr. filed for a dissolution of his 27 year marriage to Dorothy Harris. The court entered a judgment which dissolved the marriage, found that one child was under the age of 21, awarded custody to Dorothy, together with child support, awarded Dorothy maintenance in gross, and awarded Dorothy a part of Howard's military retirement pay.

On this appeal, Howard contends that the court erred in finding one child under the age of 21, in awarding maintenance in gross to Dorothy, in failing to ascertain the value of his military retirement, and in failing to make disposition of savings bonds owned by Dorothy. Affirmed in part and reversed in part.

There was no dispute that the parties were married in 1953 and separated in 1981. The court heard the evidence and entered its decree in April of 1983. Both Howard and Dorothy testified that there were 4 children born of the marriage and both testified that one of the children, Cheryl, was born in July of 1961. Both also testified that all children were emancipated. Other testimony related to the property and income of the parties, including the fact that Howard received $604.37 per month in military non-disability retirement pay. This was the result of 20 years service by Howard during the marriage.

Howard went to work for General Motors after his military retirement and Dorothy is a registered nurse with many years employment. The parties had agreed to sell their home after their separation and to divide the net proceeds equally. In the face of this agreement, Howard spent all of the proceeds, except $1,749.82, which Dorothy withdrew from their joint checking account.

The court found that Cheryl was under the age of 21 and awarded her custody to Dorothy, together with $275 per month in child support. The court awarded Dorothy maintenance in gross in the sum of $4,562.15 payable at the rate of $250 per month, and the sum of $205 per month to be paid from Howard's military retirement pay. The court also awarded to each party the cash and savings accounts which were in the possession of each party at the time of the decree.

■■■ Howard first contends that the court should have valued his military retirement pay because § 452.335 RSMo 1978 requires that the court ascertain his financial resources including any marital property apportioned to him before maintenance was adjudged. He argues that this requires the placing of a value on his military pension. Prior to the passage of 10 U.S.C. § 1408 the retirement pay would not have been subject to a state court order under the decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). However, that act overcame the *McCarty* decision and effective February 1, 1983, non-disability retirement pay is subject to the jurisdiction of a state court in a dissolution decree under conditions stated in the act. Under the facts of this case and 10 U.S.C. § 1408(e)(1), Dorothy could not be awarded more than 50% of the retirement pay. The only power the court had to subject Howard's retirement pay to the terms of the dissolution decree are those conferred in 10 U.S.C. § 1408. That being true there would be no occasion to try to place a value on Howard's retirement pay as value is placed on other property belonging to the parties. His retirement pay is a set amount each month and payments continue until his death. Here the court found that Howard received $614.23 per month in retirement pay and awarded Dorothy $205 per month from that amount. The only value of the retirement pay is the monthly amount received. The court awarded Dorothy less than it could have. The judgment conformed to § 1408 and was a proper exercise of the court's power.

■■■ Howard also contends that the court should have made a finding as to whether

the retirement pay was separate or marital property. Section 1408(c)(1) provides that the state court may determine whether to treat retirement pay as separate or marital property. Section 452.330 states that the court shall set apart to each spouse his property and shall divide the marital property in such proportion as the court shall deem just. Howard may be correct in a technical sense, but the fact that the court awarded Dorothy a portion of the retirement pay necessarily carries with it a finding that it was marital property. If the court had found it to be separate, it would have set off the pension to Howard. While it would have been well for the court to make a finding that the military pension was marital property, such a finding is implicit in the court's division of the property. Thus, the treatment accorded the military pension determined its character as marital property.

Howard next contends that the court failed to dispose of $3,000 in savings bonds owned by Dorothy. It is apparent the court intended to set these bonds off to Dorothy but the judgment failed to spell that out. On remand the court is directed to amend the judgment to provide that the $3,000 in savings bonds belonging to Dorothy be awarded to her.

■ Howard contends the court erred in awarding Dorothy $4,562.15 by way of maintenance in gross. This amount represented the balance of one-half of the net proceeds from the sale of the home. By this award the court was simply carrying out the parties' agreement because Howard had spent Dorothy's one-half, except for the amount she had previously taken from a checking account. There was no abuse of discretion in ordering maintenance in gross to allow Dorothy to receive the amount the parties had agreed upon.

■ Howard contends the court erred in finding that Cheryl was a minor and in awarding custody and child support to Dorothy. Both parties unequivocally testified that Cheryl was born in July of 1961, which would have made her over 21 at the time of trial in April of 1983. The judgment finding that she was under the age of 21 is not supported by the evidence. The duty to support a child terminates when the child reaches the age of 21. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 65[6, 7] (Mo. banc 1983). For that reason the judgment awarding child support cannot stand.

The judgment is affirmed as to the award of maintenance and a portion of Howard's retirement pay to Dorothy. The court is directed to amend the judgment to award Dorothy the $3,000 in savings bonds owned by her. The judgment as to its finding that Cheryl was under the age of 21, its award of custody to Dorothy, and $275 per month in child support to her is reversed.

All concur.