Melba J. ROWE, Appellant,

v.

Kenneth George MILLER, Respondent.

No. KCD 29964.

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

William D. Piedimonte, Joe F. Willerth, Lawrence E. Davis, Independence, for appellant.

George T. Sweitzer, Jr., Harrisonville, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

This appeal comes from an order which denied a motion to set aside the dismissal of an action to register a foreign judgment.

The cause came up for trial on March 7, 1977, and, on the failure of the plaintiff or her counsel to appear, was dismissed for want of prosecution. On November 18, 1977, more than eight months after entry of judgment, the plaintiff brought a "motion to set aside dismissal for want of prosecution." The action was supported by affidavit of counsel which contended a meritorious cause of action and the diligence of the plaintiff. The motion was denied by order of the trial court and appeal followed.

The plaintiff appears not to doubt that the judgment of dismissal became final thirty days after rendition on March 7, 1977, and that the procedures for appeal from that judgment have lapsed but attempts to avoid that effect by a simulation of review from the order on the motion.

 A trial court retains control over its judgments for only thirty days, after which [in the absence of a motion for new trial] they become final and beyond the power of the court to alter or vacate except by a direct proceeding for that purpose. Rule 75.01; *Ratermann v. Ratermann*, 485 S.W.2d 80, 84[2] (Mo.1972); *Wiseman v. Lehmann*, 464 S.W.2d 539, 543[7, 8] (Mo. App.1971). The motion to set aside the dismissal, whatever the guise, addressed itself to the power of the court of rendition to vacate the judgment, so that when that power lapsed the efficacy of the motion also lapsed.

Accordingly, the motion to set aside the dismissal, brought some eight months after the entry of judgment, was not an independent proceeding which gave rise to a right of appeal. The proper review was from the judgment of dismissal, but that was no longer available to the plaintiff under any procedure.

The judgment is affirmed.

All concur.