Nancy E. SCHULZ, Appellant,

v.

John H. SCHULZ, Respondent.

No. 42277.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
April 6, 1981.

Mark Belz, Clayton, for appellant.

Richard B. Scherrer, St. Louis, for respondent.

SMITH, Judge.

Plaintiff appeals from the action of the trial court denying and dismissing her motions to set aside a default judgment and for distribution of marital property. On January 31, 1977, a decree of dissolution of the marriage of the parties was entered by the trial court. The action had originally been brought by plaintiff. Defendant counterclaimed for dissolution and prayed for custody of the children, that the family residence be awarded to him, and for "such other orders as may be just and proper." Following repeated refusals by plaintiff to make discovery, her pleadings were stricken. The decree granted the dissolution, placed custody of the children in defendant, awarded reasonable rights of visitation of the children to plaintiff, denied maintenance, and awarded the family residence and "the personal property, furniture and other effects located at that address" to defendant.

In his financial statements filed in the dissolution proceeding defendant declared savings in the amount of $12,050.00, three automobiles, corporate stock of a value of $11,400.00 (subject to an amount owed of $3,250.00), and pension fund, stock options, and bonus plan of an aggregate value of $10,101.00. In addition, defendant's answers to interrogatories reflected ownership of 400 shares of Great Atlantic and Pacific Company of some undisclosed value.[1] The dissolution decree makes no reference to any of these assets. Plaintiff's motion for division of marital property, filed on Aug. 2, 1979, sought an order of the court "for a division of martial property in this cause and to set apart to the parties their property" and for reconsideration of the partial distribution of the marital property made in 1977. On appeal plaintiff premises no error upon the court's denial of her motion to set aside the default decree and that contention has been abandoned.

We have examined *sua sponte* the question of whether the order entered is appealable. We conclude it is. Sec. 512.-020, RSMo 1978, provides for appeals from "any special order after final judgment in the cause." In *Bussiere's Adm'r v. Sayman*, 257 Mo. 303, 165 S.W. 796 (banc 1914) it was stated that an order denying a motion to vacate a judgment is appealable on the basis that:

"It needs no argument or discussion to demonstrate that since a defendant, when he fails to get favorable action on his motion to vacate a judgment by default, has reached the last ditch, then unless an appeal lies to him the judgment as to him is absolutely a "final judgment in the case." 165 S.W. l.c. 799.

The same is true here. The court's denial of plaintiff's motion for division is, as to the dissolution action, the last ditch. *See, Wehrs v. Sullivan*, 187 S.W. 825 (Mo. 1916); *State v. Cave*, 359 Mo. 72, 220 S.W.2d 45 (banc 1949); *Quincy v. Quincy*, 430 S.W.2d 638 (Mo.App.1968); *Chenoweth v. Chenoweth*, 575 S.W.2d 871 (Mo.App.1978).

Defendant has devoted virtually his entire brief to a discussion of plaintiff's conduct which led to the striking of her pleadings and subsequent default. We find such

---

1. Neither party raises any question that the financial statement and interrogatory answers were before the judge at the time he entered the dissolution decree, and both parties in their briefs discuss the material as a part of the record in the trial court. We will do the same.

discussion of little value to the issues before us and need not repeat the course of plaintiff's conduct. Suffice it to say that conduct fully supported the court's action in striking her pleadings.

Sec. 452.330, RSMo 1978, provides that: "In a proceeding for . . . dissolution of the marriage . . . the court *shall set apart* to each spouse his property and *shall divide* the marital property in such proportions as the court *deems just* after considering all relevant factors . . . ." (Emphasis supplied).

■ The statute imposes upon the court the obligation to determine the property of each spouse and to divide the marital property justly. *In re Marriage of Schulz*, 583 S.W.2d 735 (Mo.App.1979) [3–6]. This obligation is not dependent upon whether the dissolution is contested, uncontested or by default. Until the court has set apart the property of each spouse and justly divided the marital property, it has not exhausted its jurisdiction. *Nilges v. Nilges*, 564 S.W.2d 262 (Mo.App.1978); *Anspach v. Anspach*, 557 S.W.2d 3 (Mo.App.1977); *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977); *L. F. H. v. R. L. H.*, 543 S.W.2d 520 (Mo. App.1976).

■ In *State ex rel McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980) the Court dealt with a similar but not identical issue. There relator-wife sought to vacate the dissolution decree on the basis that the decree was not final because all of the material property had not been distributed. As we interpret the Supreme Court opinion in *McClintock*, the decree becomes final upon *res judicata* grounds after the time for appeal has passed, as it has in the case before us. This, we believe, means that as to the property distributed by the decree the decree is final and not subject to modification. We do not believe that opinion holds that the court lacks jurisdiction to distribute in a subsequent or ancillary proceeding the remaining undistributed property. It is difficult to conclude that *res judicata*[2] applies to property belonging to the marriage which has not been judicially acted upon. This is recognized in *McClintock*, in the last paragraph suggesting that equitable relief may be available as between the parties to rectify the court's failure to fully distribute the marital property.

■ While other methods of compelling the court to exhaust its jurisdiction may be available, a motion to compel division would appear to be an acceptable procedure. *In re Marriage of Jamison*, 592 S.W.2d 181 (Mo.App.1979). Plaintiff's motion for division of marital property was adequate to present to the court a request for the court to complete what it had theretofore left unfinished.

Defendant contends that plaintiff by her conduct is precluded from seeking any relief because when her pleadings were struck she had (and has) "no standing to make a contested issue." *In re Marriage of Dickey*, 553 S.W.2d 538 (Mo.App.1977) [3, 4]. Further defendant contends that plaintiff's refusal to make discovery raises a presumption that her testimony would be adverse to her and would sustain defendant's position. *Jewell v. Jewell*, 484 S.W.2d 668 (Mo.App. 1972) [2]. We have no quarrel with the principles announced in those cases—they simply do not apply to the issue before us.

■ Plaintiff's motion for division does not raise a contested issue. Granting the motion does not reinstate her pleadings, does not give her standing to present evidence, and has no effect upon the presumption stated in *Jewell*. It simply requests the court to complete its mandated duty to set apart the property of each party and to *justly* divide the property of the marriage as it could and should have done at the time the dissolution was granted. All property acquired by either spouse subsequent to the marriage is presumed to be marital property. Sec. 452.330.3 RSMo 1978. Here clearly, some of the property must be presumed marital for the automobiles were not manu-

---

**2.** "A matter adjudged; a thing judicially acted upon or decided . . . ." Black's Law Dictionary, Fourth Edition, p. 1470.

factured until after the marriage in 1954. Considering that the marriage was 22 years old at the time of its dissolution it is at least reasonable to suppose that all of the undivided property was acquired during the marriage. But that is of no moment, for if the undivided property is not marital property, it was the court's statutory duty to set it apart to the owner, and that also has not been done. We hold that the trial court erred in dismissing plaintiff's motion for division of the marital property.

Defendant's further contentions that the decree can be interpreted to encompass all the marital property and that in any event the court would have awarded the property to defendant are without merit and warrant no discussion.

Plaintiff also requests that we order the trial court to equitably divide the property "on a fresh record." To the extent this request encompasses a modification in the distribution heretofore made, it is precluded by *McClintock, supra.* To the extent it encompasses a request that the trial court take into account the prior distribution, it is unnecessary. The court is required to make a just division. It must make such division upon evidence before it and a just division must take into account the marital property already distributed. The further proceedings to accomplish such a just division are within the discretion of the trial court.

·Order denying plaintiff's motion to set aside default judgment affirmed.

Order dismissing and denying plaintiff's motion for division of property reversed and cause remanded for further proceedings.

SATZ, P. J., and SIMON, J., concur.