**Sharon L. WANDFLUH, Respondent,**

v.

**Charles E. WANDFLUH, Appellant.**

**No. WD 37215.**

Missouri Court of Appeals,
Western District.

Aug. 6, 1986.

Mark H. Wissehr, St. Joseph, for appellant.

Ronald R. Holliday, Savannah, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is an appeal from a circuit court order compelling distribution of marital property.

Appeal dismissed.

The pertinent facts are as follows:

Respondent herein (wife) filed a petition for dissolution of marriage on January 10, 1983. Both husband and wife were represented by counsel. The dissolution hearing was held on June 29, 1983, before the Honorable Gary A. Fenner, Judge of the Fifth Judicial Circuit at Savannah, Missouri. The only issue contested by the parties was the division of marital property.

The parties stipulated that included within the marital property was a 295–acre tract of farmland which was titled in the parties as tenants by the entirety. At the time of the hearing, the parties owed $67,-000.00 to the Federal Land Bank on all 295 acres.

In its Decree of Dissolution, dated July 12, 1983, the trial court divided the marital property and, in so doing, awarded to the wife 100 acres of the 295–acre tract. The court further ordered that the husband was to be "responsible for the payment of the outstanding indebtedness on real estate owned as marital property which said debt is in the amount of $67,000.00 owed to F.H.A."

In addition, the court ordered "[t]hat each of the parties hereto is ordered to execute a quit-claim deed to the respective pieces of property involved in the division of marital property within 15 days from the date of this order." No motion for new trial or notice of appeal was filed following the granting of the decree of dissolution.

Subsequent to the dissolution, both parties executed quit-claim deeds to their respective parcels of land which they were conveying to each other, but the appellant herein (husband) did not "pay-off" the outstanding indebtedness on the real estate.

On February 17, 1984, wife filed with the trial court a Motion to Compel Distribution of Marital Property Not Distributed by Dissolution Decree, wherein she alleged that the 100–acre tract of land awarded to her had not been distributed to her because the husband had failed to obtain a partial deed of release to said tract from the Federal Land Bank, and the wife prayed the court to order the husband to take the necessary steps to remove the encumbrance. Hearings were had on the Motion and the court took the matter under advisement.

On May 31, 1985, the court issued its Order which stated:

Now on this 31st day of May, 1985, comes the Court herein and orders as follows on petitioner's Motion to Compel Distribution of Marital Property Not Distributed by Dissolution Decree:

On the 28th day of May, 1985, petitioner appeared in person and by and through her attorney, Ronald Holliday. Respondent also appeared in person and by and through his attorney, Mark Wissehr and arguments of counsel were heard.

In order to effect the terms and intent of this Court's order of July 12, 1983, dissolving the marriage of the parties hereto and making distribution of their property, it was and is the opinion of this Court that it's (sic) order specifically includes and requires that respondent take the steps necessary to remove the encumbrance from the tract of land set off to petitioner and transfer title free and clear of any encumbrance to the petitioner.

Respondent is allowed until July 15, 1985, to comply herewith.

/s/ Gary A. Fenner
JUDGE

This appeal followed.

Appellant raises two points on appeal which this court declines to address because of the disposition of this appeal.

This court has a duty to sua sponte inquire into and determine whether it has jurisdiction to hear an appeal. *Hart v. Board of Adjustment of the City of Marshall*, 616 S.W.2d 111, 113 (Mo.App.1981), *Corder v. Corder*, 546 S.W.2d 798, 800 (Mo.App.1977), and *State ex rel. and to*

*Use of Hickory County v. Davis,* 292 S.W.2d 322 (Mo.App.1956).

The jurisdiction of this court to hear an appeal is derivative from that of the trial court, and where the trial court lacked jurisdiction, this court cannot acquire jurisdiction to hear the appeal. *Cox Standard Station, Inc. v. Taylor,* 682 S.W.2d 193, 195 (Mo.App.1984), and *Warner v. Warner,* 658 S.W.2d 81, 82 (Mo.App.1983).

The primary question this court must address is whether the trial court retained jurisdiction over the dissolution proceedings to issue its order almost two years after the decree of dissolution was entered. For the reasons stated below, this court finds that the order of May 31, 1985, is null and void because the trial court lacked jurisdiction.

In a proceeding for dissolution, the trial court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just. Section 452.330, RSMo Supp.1984. The trial court is given broad discretion in determining the final division of marital property. *Kuchta v. Kuchta,* 636 S.W.2d 663, 666 (Mo. banc 1982). However, once a complete division of property is achieved, the court's order as it affects distribution of marital property shall be a final order not subject to modification. Section 452.-330.4, RSMo Supp.1984.

Following the entry of the court's order, the trial court retains control over its judgment for a period of thirty days. After that thirty days, in absence of a motion for new trial, the judgment becomes final and it is beyond the power of the court to alter or vacate the judgment. Rule 75.01, *Rowe v. Miller,* 573 S.W.2d 145, 146 (Mo.App. 1978), and *Ratermann v. Ratermann,* 485 S.W.2d 80, 84 (Mo.1972).

No motion for new trial was filed by either party in the dissolution action, and the judgment of the court dated July 12, 1983, became final after thirty days. In granting the wife's Motion to Compel Distribution of Marital Property Not Distributed by Dissolution Decree, filed one year after the dissolution became final, the trial court acted outside its jurisdiction. Therefore, the order of May 31, 1985, is hereby declared null and void, and the appeal is dismissed.

As it further relates to the jurisdictional aspect of this appeal, the wife argues that her Motion to Compel Distribution of Marital Property Not Distributed by Dissolution Decree is an acceptable method of presenting to the court a request to divide any property *remaining undistributed* after the dissolution decree, citing *Schulz v. Schulz,* 612 S.W.2d 380 (Mo.App.1980). The wife argues, in effect, that the 100–acre tract awarded to her in the dissolution decree was not *effectively* distributed to her because of the encumbrance which remains on the property, a debt which the trial court ordered the husband "be responsible for".

The wife's reliance on *Schulz* is misplaced. In *Schulz,* the court sought to divide marital property which was previously undiscovered and therefore had not been divided in the original dissolution proceedings. In the present action, the existence of the 295–acre tract was disclosed to the court which effectively divided the parties' interests in the property, distributing to the wife the 100–acre tract. The trial court was not required to dispose of an encumbrance on real property after granting the wife her appropriate interest therein in the decree of dissolution. *See B.W. v. F.E.W.,* 562 S.W.2d 137, 139–40 (Mo.App. 1978).

The appeal is dismissed.

All concur.