### In re the MARRIAGE OF Rita K. BERGER and Kent N. Berger.

**Rita K. BERGER, Plaintiff–Appellant,**

v.

**Kent N. BERGER, Defendant–Respondent.**

**Nos. 21427, 21447.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 22, 1997.

Mark D. Calvert, Carnahan, Carnahan & Hickle, Rolla, for Plaintiff–Appellant.

Edward D. Hoertel, Hoertel & Hoertel, Rolla, for Defendant–Respondent.

GARRISON, Judge.

Rita Berger (Mother) and Kent Berger (Father) each appeal from a decree dissolving their marriage. Mother contends that the trial court erred in awarding Father primary physical custody of their two minor children. Father contends that the trial court abused its discretion in awarding Mother the marital home and 20% of his military pension. We affirm.

Father was on active duty in the military at Fort Leonard Wood, Missouri, when he married Mother on February 14, 1987. Two children were born during the marriage: Jessica, born on January 12, 1988, and James, born on September 18, 1991. The parties separated on December 15, 1993, and Mother filed a petition for dissolution of marriage on January 19, 1994. A temporary order was entered on February 25, 1994, in which primary custody of the children was granted to Mother, with Father having specified visitation rights. Father later filed an answer and counterclaim in which he sought primary physical custody of the children. He was subsequently transferred by the military to Virginia in February or March, 1995.

Mother and Father agreed about the division of the majority of their property. Two items of property on which they could not agree—the marital home and Father's military pension—are the subjects of Father's appeal. The case was heard on March 29, 1995, and August 25, 1995. The trial court, *inter alia,* awarded primary physical custody of the children to Father, and awarded Mother the marital residence and 20% of Father's military pension to Mother. Both parties appeal.

The trial court's judgment must be affirmed if it is supported by substantial evidence, it is not against the weight of the evidence, and it neither erroneously declares nor applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all permissible inferences therefrom in the light most favorable to the decision of the trial court, disregarding all contrary evidence and inferences. *Sinclair v. Sinclair,* 837 S.W.2d 355, 357 (Mo.App. W.D. 1992).

In Mother's sole point on appeal, she contends that the trial court's award of primary physical custody of the children to Father was against the weight of the evidence. In our review of Mother's claim, we are mindful that "[a]ppellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d at 32.

The trial judge has broad discretion in determining the best interests of a child and great deference is granted to the lower court's decision when custody of minor chil-

dren is involved. *In re Marriage of Patroske,* 888 S.W.2d 374, 383 (Mo.App. S.D. 1994). It is presumed that the trial court awarded custody in accordance with the childrens' best interests because of its superior position to judge the credibility of witnesses, as well as their character, sincerity, and other intangibles that might not be completely revealed by the record. *In re Marriage of Bennett,* 938 S.W.2d 952, 954 (Mo.App. S.D. 1997). The trial court is free to believe or disbelieve all, part or none of the testimony of any witness. *In re Marriage of Campbell,* 868 S.W.2d 148, 150 (Mo.App. S.D.1993). Greater deference is afforded to the trial court's decision in child custody determinations than in other cases. *In re Marriage of Sisk,* 937 S.W.2d 727, 730 (Mo.App. S.D. 1996). "[A]n appellate court will not disturb a trial court's custody award unless it is manifestly erroneous and the welfare of the child requires some disposition other than that made by the trial court." *In re Marriage of V..A..E..,* 873 S.W.2d 262, 266 (Mo.App.S.D.1994).

■ Section 452.375.2, RSMo 1994,[1] directs the trial court to make its custody determination based on the best interests of the children and, in doing so, to consider "all relevant factors," including eight which are specifically enumerated. In granting primary physical custody of the children to Father, the trial court noted that it did not believe Mother was a bad parent. It was concerned, however, with Mother's judgment in several areas. There was evidence that Mother had not been cooperative with Father concerning his visitation with the children. For instance, the trial court noted that she had denied Father visitation the day before trial because she was having dresses seamed for their daughter. One of the factors specifically listed in the statute is "[w]hich parent is more likely to allow the child frequent and meaningful contact with the other parent." *See* § 452.375.2(8).

■ Mother also admitted at trial that there had been occasions when her boyfriend spent the night with her in her trailer with the children present. The trial court expressed concern not only with this arrangement, but also with the boyfriend's character, in light of the fact that he had a criminal record which included a conviction for assaulting his ex-wife. Although not specifically listed as a factor in § 452.375, "morals are a pertinent factor to be taken into account in determining whose custody will serve the best interests of the child." *Hartig v. Hartig,* 738 S.W.2d 160, 161 (Mo.App. E.D.1987); *see also Rodenberg v. Rodenberg,* 767 S.W.2d 594, 596 (Mo.App. W.D.1989). "A trial court may properly consider moral fitness in determining child custody issues. A mother's conduct of affairs with the knowledge of children and while they are present in the house has been held to be a critical factor in denying her custody. Private personal conduct by a parent which could well have an effect on children during the years in which their character, morality, virtues and values are being formed cannot be ignored or sanctioned by courts." *Jones v. Jones,* 937 S.W.2d 352, 356 (Mo.App. S.D.1996) (citations omitted).

The trial court was obviously concerned about the boyfriend's influence on the children. At the same time, it was "comfortable that the children in Virginia will have good schooling and have an appropriate home." We recognize that Father now resides in Virginia, and that "[t]he intention of either parent to relocate his residence outside the state" is a factor to be considered. *See* § 452.375.2(7). However, after a careful review of the entire record, we are not firmly convinced that the welfare of the children mandates some other custodial disposition. We are unable to conclude that the trial court abused its discretion in awarding primary physical custody of the children to Father. Mother's point is denied.

■ In Father's point on appeal, he alleges that the trial court abused its discretion when it awarded Mother the marital home, as well as 20% of Father's nondisability military pension. A trial court has considerable discretion in dividing marital property, and an appellate court will only interfere if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of that discretion. *In re Mar-*

1. All statutory references are to RSMo 1994, unless otherwise indicated.

*riage of Spence,* 943 S.W.2d 373, 377 (Mo. App. S.D.1997). "We will presume the correctness of the division of marital property, and the party challenging the division bears the burden of overcoming that presumption." *Ewing v. Ewing,* 901 S.W.2d 330, 333 (Mo. App. W.D.1995).

"The division of marital property is governed by § 452.330.... That statute requires a fair and equitable division of the marital property in light of the individual circumstances of each case, but does not require an equal division." *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 949 (Mo.App. E.D.1993). The factors specifically enumerated in the statute are not exclusive and the trial court has great flexibility and far-reaching power in dividing the marital property so as to accommodate the needs of the parties. *In re Marriage of Torix,* 863 S.W.2d 935, 938 (Mo.App. S.D.1993).

With respect to Father's pension, it appears from the record that Father was married to Mother for eight of the twenty years (40%) he was required to serve in order to qualify for his military pension. The trial court awarded Mother half of that amount, or 20% of the pension. Section 452.330.3 provides that "[a]ll property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property...." *See also Ewing v. Ewing,* 901 S.W.2d at 333. "Missouri considers military nondisability retirement benefits received for service during marriage as marital property." *In re Marriage of Strassner,* 895 S.W.2d 614, 616 (Mo.App. E.D.1995). We note that Father has not yet served the requisite amount of time in order to qualify for retirement benefits, but this does not affect Mother's entitlement to them once they vest. "The fact that entitlement to retirement benefits depend upon contingencies and by their nature are speculative— both as to future entitlement thereto, and as to amounts—does not deprive them of their character as marital property." *Fairchild v. Fairchild,* 747 S.W.2d 641, 643 (Mo.App. W.D.1988).

Father argues that the court failed to consider Mother's conduct in dividing the pension. *See* § 452.330.1(4). According to Father, Mother engaged in an extramarital affair during the final year of their marriage and therefore Mother received a greater percentage of the pension than she was entitled to. In considering Father's argument, we note that "there is no evidence that Mother's conduct placed an extra burden on the marriage or caused the breakdown of the marital relationship." *See Bixler v. Bixler,* 810 S.W.2d 95, 101 (Mo.App. E.D.1991). The trial court did not abuse its discretion in awarding Mother 20% of Father's nondisability military pension.

Father also contends that the trial court abused its discretion in awarding the marital home to Mother. The trial court allocated the marital home with a value of $60,000 to Mother, subject to a $63,608 mortgage. In light of the fact that Father does not intend to use the marital home to raise the children over whom he has primary physical custody, we fail to see how Father was prejudiced when the amount owed on the home exceeds its present value. In view of the discretion afforded trial courts concerning the division of marital property and the presumption of the propriety of its award, we are unable to conclude that the trial court erred in this regard. Father's point is denied.

Judgment affirmed.

PREWITT and CROW, JJ., concur.