### In re the MARRIAGE OF Thomas H. BOWMAN and Kathy F. Bowman.[1]

**Thomas H. Bowman, Petitioner–Appellant,**

and

**Kathy F. Bowman, Respondent–Respondent.**

No. 21904.

Missouri Court of Appeals, Southern District, Division One.

July 22, 1998.

1. The parties in their briefs, as frequently occurs      here, have ignored Section 452.300.2, RSMo

1994, which states that "[a] proceeding for dissolution of marriage ... shall be entitled: 'In re the Marriage of and,'"

Brian L. Harvell, Rolla, for Appellant.

Terry D. Schwartze, Sidney T. Pearson, and Richard Anthony Skouby, Meramec Area Legal Aid, Rolla, for Respondent.

PREWITT, Presiding Judge.

Appellant Thomas H. Bowman appeals from a judgment dissolving the parties' marriage. In Appellant's first point relied on, he contends the trial court erred in its characterization of a certain portion of his military pension as marital property, and in ordering him to pay an amount in excess of fifty percent of his disposable retired pay to his wife in violation of the Uniformed Services Former Spouses' Protection Act [USFSPA], 10 U.S.C. § 1408. In his second point, Appellant contends the trial court erred in awarding Respondent maintenance. Prior to trial the parties entered into a "separation agreement," leaving for trial only the issues raised here.

The parties were married in June, 1988, in Virginia. They previously participated in a marriage ceremony on May 19, 1978, believing that marriage to be legal. The parties, however, treat that attempt at marriage as void from its inception as Respondent was not divorced from a previous spouse. The parties adopted a child in 1982. Appellant served twenty years in the army, retiring in 1993.

While Appellant was in the military, the parties lived in Germany, Virginia, Georgia, and in Missouri at St. Louis and Ft. Leonard Wood. The latter was approximately eighteen months before Appellant's retirement from the military. In 1993, Appellant initially drew his full retirement benefits from the Department of Defense for two months, then waived a portion of the retirement pay to receive Veterans Administration disability payments. Appellant receives monthly retirement and disability payments from the Department of Defense of $1,251.00. Respondent was awarded $150.00 of those payments.

Review of this non-jury case is under Rule 73.01(c). For an interpretation of that rule, see *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990). "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

Federal law grants state courts the authority to treat military pensions "in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). "[U]nder the Act's plain and precise language, state courts have been granted the authority to treat disposable retired pay as community property." *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 2029, 104 L.Ed.2d 675 (1989).

A few Missouri cases discuss the application of the USFSPA in this state. "Missouri considers military nondisability retirement benefits received for services during marriage as marital property.... The United States Supreme Court has interpreted this statute to preclude an award to a former spouse of any amounts of retired pay which do not fall within the definition of 'disposable retired pay.'" *In re Marriage of Strassner,* 895 S.W.2d 614, 616 (Mo.App.1995). *See also Moritz v. Moritz,* 844 S.W.2d 109, 115 (Mo.App.1992) ("[m]ilitary nondisability retirement pension benefits received, for service which occurred during marriage, are also considered marital property." *Mings v. Mings,* 841 S.W.2d 267 (Mo.App.1992); and *In re Marriage of Berger,* 950 S.W.2d 307 (Mo.App.1997).

USFSPA defines "disposable retired pay" as the total monthly retired pay to which a member is entitled less amounts which "are deducted from the retired pay of such mem-

ber as a result of forfeitures of retired pay," such as pay waived in order to receive veterans' disability payments. 10 U.S.C. § 1408(a)(4)(B), *Mansell,* 109 S.Ct. at 2028–2029. *See also Hapney v. Hapney,* 37 Ark. App. 100, 824 S.W.2d 408, 409 (1992) (the United States Supreme Court has held that the USFSPA does not permit state courts to treat certain military retirement pay waived by the retiree in order to receive Veteran's disability benefits as property divisible upon divorce). Disability benefits received by a retired member of the armed services is not marital property. 10 U.S.C. § 1408(a)(4)(B).

Once the trial court has characterized the military retired pay as marital, then the "total amount of the disposable retired pay of a member payable under all court orders pursuant to subsection (c) may not exceed 50 percent of such disposable retired pay." 10 U.S.C. § 1408(e)(1). However, "[n]othing in this section shall be construed to relieve a member of liability for the payment of alimony ... or other payments required by a court order...." 10 U.S.C. § 1408(e)(6).

■ Appellant's first point contains two complaints regarding his military retired pay. In essence, the first part of Appellant's argument is that the trial court improperly characterized the portion of his military retired pay which is subject to division as marital property. This argument has merit as the trial court erred when it decreed that "30% of Plaintiff's military retirement pension is disposable retired pay," rather than have followed the formula for "disposable retired pay" provided in the statute. The trial court should have calculated the "disposable retired pay" in this manner:

| | |
|---|---|
| Total monthly retired pay | $ 1,251.00 |
| Less the amount equal to the amount of disability payments | ($1,020.00) |
| Equals DISPOSABLE RETIRED PAY | $ 231.00 |

Thus, $231.00 of retired pay is marital property.

The second part of Appellant's argument in his first point relied on, is that the trial court erred when it awarded Respondent in excess of fifty percent of his disposable military retired pay, in violation of the limitation set forth by the USFSPA in 10 U.S.C. § 1408(e)(1). Respondent argues that the limitation imposed by this section is only a limitation on the percentage for payments made directly by the Secretary of the Armed Services, and not on the total percentage she can receive. Missouri courts have not directly addressed this issue, although other states' courts have.

In *Deliduka v. Deliduka,* 347 N.W.2d 52 (Minn.App.1984), the appellant challenged the "award of 50 percent of his gross military pension benefits to his wife" arguing that the "Act limits the maximum portion of military pension benefits a court may award to a former spouse to 50 percent of 'disposable retired pay.'" *Id.* at 55. The court found that the trial court erred only in its "method of disbursing pension payments." The proper method was for the Secretary to be ordered to pay directly to wife fifty percent of the disposable pension, and the difference to be paid directly to wife by husband. *Id.* at 56. Thus, that court interpreted the § 1408(e)(1) limitation to be a limitation only on direct payments made by the Secretary.

Texas also interpreted the USFSPA provisions to be "intended only as a limit on the amount of disposable retired pay which can be garnished and paid out by the service secretaries pursuant to court orders." *Grier v. Grier,* 731 S.W.2d 931, 933 (Tex.1987). That court's reasoning rested on 10 U.S.C. § 1408(e)(6), which states:

Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired or retainer pay under this section have been made in the maximum amount permitted [under the Act].

Wyoming has also ruled similarly. In *Forney v. Minard,* 849 P.2d 724 (Wyo.1993), the court noted that a mechanism is created by the USFSPA permitting direct payments of disposable retired pay to the former spouse of a military member and "that the government will only permit the direct payment mechanism to be used to distribute fifty percent of the disposable retired pay. 10 U.S.C. Sec. 1408(e)(1)." *Id.* at 729. The court found that while the language of the Act is

"not lyrical, it is precise.... The plain language of the savings clause of the USFSPA protects state court jurisdiction for equitable distributions to a former spouse of greater than fifty percent of the disposable retired pay." [citing to § 1408(e)(6) ] Quoting Justice Marshall who wrote the opinion in *Mansell:* "[T]he savings clause serves the limited purpose of defeating any inference that the federal direct payments mechanism displaced the authority of state courts to divide and garnish property not covered by the mechanism.'" *Id.*

When a Missouri court did address this issue, the result was limited to the facts and issues presented in that case. In *Harris v. Harris,* 670 S.W.2d 171, 172 (Mo.App.1984), the court held that the military member's spouse could not be awarded more than fifty percent of the retired pay. The court cited 10 U.S.C. § 1408(e)(1), but did not elaborate on its interpretation of the limitation.

In *Beesley v. Beesley,* 114 Idaho 536, 758 P.2d 695, 698–699 (1988), the Supreme Court of Idaho recognized that 10 U.S.C. § 1408(e)(1) "limits the amount payable to '50 percent of such ... retired pay.'" It stated, 758 P.2d at 699:

> In summary, the USFSPA permits a state court to consider the *gross* value of retirement benefits in computing the value of the marital estate. However, the USFSPA prohibits a state court from awarding the non-military spouse the right to collect more than 50 percent of the *net* monthly retirement payment. Thus, if an equal or equitable division were to require that 50 percent of the net retirement benefit would *not* satisfy [wife's] share, the trial court would have to make up the difference by a disproportionate award of other assets.

■ This court agrees with the interpretation of the Supreme Court of Idaho that 10 U.S.C. § 1048(e)(1) sets a fifty percent cap on retired pay awarded to former spouses. The "savings clause" at 10 U.S.C.

§ 1048(e)(6) only eliminates a defense for a retired armed services member from asserting that he or she cannot meet maintenance, child support, or property awards ordered by a court by showing that his or her only source of income derives from retired pay. The fifty percent limitation must have been intended as a cap on the division of retired pay, whether received directly from the Secretary or from the retired member. It is not logical that a nonmilitary spouse could receive ninety percent, or even all, of the pension but the government only remit fifty percent to that spouse. Why the government would care if it dispenses fifty percent or ninety percent escapes us, unless the fifty percent is the limit a nonmilitary spouse can receive through any means of disbursement.

The trial court did not err in characterizing a portion of the military retired pay as marital property. The trial court did err when it found the disposable retired pay was "30% of Plaintiffs' military retirement pension." The proper amount of "disposable retired pay" is $231.00, as explained above. As to Appellant's second argument in Point I, regarding the award which is in excess of fifty percent of the amount of disposable retired pay, the trial court violated 10 U.S.C. § 1408(e)(1) in its award.[2]

Appellant's Point II alleges trial error in awarding maintenance to Respondent because (a) Respondent was awarded sufficient property, and awarded child support, to support herself; and (b) Respondent failed to prove need in that she was capable of working. The Judgment made a specific finding that Respondent lacked sufficient property and that she was unable to support herself through appropriate employment, and awarded Respondent the sum of $300.00 per month in maintenance.

■ On appellate review of maintenance orders, this court views the evidence favorable to the decree, disregarding evidence to the contrary and deferring to the trial court even if the evidence could support a different

---

**2.** Although the trial court has the power to otherwise divide marital assets to compensate for the difference denied Respondent as a result of the fifty percent cap, in this case such resolution is not ordered on remand. The parties divided their marital property by a separation agreement which was approved by the trial court, and neither party raises an issue on appeal regarding the separation agreement.

conclusion. *Allen v. Allen*, 961 S.W.2d 891, 893 (Mo.App.1998). In review of an award of maintenance, the burden of demonstrating abuse of discretion is on the paying spouse. *Francka v. Francka*, 951 S.W.2d 685, 696 (Mo.App.1997). A former spouse is not required to consume marital property before she is entitled to maintenance. *Probstein v. Probstein*, 767 S.W.2d 71, 74 (Mo.App.1989).

A court may grant maintenance to a spouse only if it finds that the spouse seeking maintenance (1) lacks sufficient property, including marital property apportioned to the spouse, to provide his or her reasonable needs; and (2) is unable to support him or herself through appropriate employment. Section 452.335.1, RSMo.1994. *See also Moritz*, 844 S.W.2d at 116. The statutory considerations listed do not include "child support" as Appellant urges.

■ "A trial court has broad discretion in determining maintenance." *Brock v. Brock*, 936 S.W.2d 882, 885 (Mo.App.1997). "We will not disturb a permanent maintenance award unless the trial court abused its discretion." *Id.* at 886. "Maintenance can only be awarded if the requesting party cannot meet his or her reasonable needs through property or employment." *Whitworth v. Whitworth*, 878 S.W.2d 479, 483 (Mo.App. 1994). "Courts may consider the effects of the physical or mental condition of the spouse seeking maintenance of his capacity to work and earn ..." *In re Marriage of Liljedahl*, 942 S.W.2d 919, 924 (Mo.App. 1996).

Respondent was awarded no income-producing property, nor any bank account. Respondent was awarded a 1984 Volvo valued at $640.00, and household goods. According to the separation agreement, the parties had no non-marital property.

■ In *Moritz*, the court found that wife should have received maintenance because, *inter alia*, she was awarded non income producing property, the only marital property she was awarded was various household goods of a minimum value, and she was unable to support herself through appropriate employment "as she had not worked outside the home for over twenty years," and

had health problems. 844 S.W.2d at 117. The facts in the instant case are similar. Respondent was a "military wife" for most of her years with Appellant. In this situation, it would be inequitable to ignore the years Respondent and Appellant believed they were married and during which years Respondent did not have a career but moved with Appellant to various military bases and raised their child. *See In re Marriage of Sumners*, 645 S.W.2d 205 (Mo.App.1983)

■ "In a marriage where a spouse relies on the other spouse for monetary support, and is out of the marketplace, thereby injuring the spouse's marketable skills, this type of reliance may warrant an award of maintenance." *Brock*, 936 S.W.2d at 885. In *Brock*, wife quit her teaching job immediately before she married husband because her job would interfere with husband's travel while playing professional baseball. Here, Respondent accommodated her husband's relocating while he was in the armed services, and this limited her ability to work.

Respondent has an eleventh grade education, and has no particular skills. She has stayed home most of the time she was with Appellant, working only sporadically as a cashier, a stocker, a maid, as a child care provider, and in an army mess hall. At the time of the trial, Respondent was working as a telemarketer earning approximately $650.00 per month. Appellant was working for the Department of Corrections earning $1,649.00 per month.

Respondent testified that she has health problems which limit her ability to perform certain types of work, especially when required to be on her feet for extended periods. Respondent attempted to work at a hospital and at a hat factory after the parties' move to Fort Leonard Wood, but could not physically perform the work. Respondent also worked for Missouri Home Health Care but quit because she was not getting enough hours.

Respondent met her burden of proof regarding her inability to meet her reasonable needs through appropriate employment. Point II is denied.

The judgment is affirmed, except as to the division of the military pension, and the amount of the division of that pension is reversed and the cause remanded to the trial court and it is directed to amend the judgment to reduce the amount of that pension awarded to Respondent from $150.00 to $115.50 per month.

CROW and PARRISH, JJ., concur.