Denis Brian GURTZ, Appellant,

v.

Kathy Irene GURTZ, Respondent.

No. 27134.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 2006.

Ralph W. Muxlox, II, Richland, for appellant.

Wayne Gifford, Waynesville, for respondent.

ROBERT S. BARNEY, Judge.

Appellant, Denis Brian Gurtz ("Husband"), appeals the trial court's "Judgment of Dismissal" of his "Petition for Declaratory Judgment and Other Relief," wherein he sought to reduce Respondent's, Kathy Irene Gurtz's ("Wife"), interest in his "retired military pay" which had been previously granted to her in a judgment and decree dissolving their marriage. Husband also sought reimbursement from Wife for certain amounts previously paid Wife under their dissolution judgment and decree. The trial court agreed with Wife that Husband's petition failed to state a cause of action, because the petition sought to modify a prior dissolution judgment and decree which distributed their marital property and that the trial court had no jurisdiction to make such a modification.

Husband now raises one point of trial court error. We affirm.

The record reveals that at the time Wife filed for dissolution of the parties' marriage Husband was in the United States Army. Husband filed an entry of appearance in the dissolution action but participated no further in that matter. On May 11, 2002, the trial court entered a judgment and decree dissolving the parties' marriage which, in part pertinent to our review, awarded Wife "FORTY TWO AND ONE HALF PERCENT (42.5%) of [Husband's] Military Retirement through [the] Department of the United States Army." The dissolution decree also ordered Husband to pay Wife non-modifiable maintenance in monthly installments of $305.00 and required that Husband "provide [a] Survivor Benefits Plan designating [Wife] as the beneficiary on said [military] retirement."

As best we discern from the record, approximately three months prior to the filing of his "Petition for Declaratory Judgment and Other Relief" and prior to November 1, 2004, Husband's non-disability portion of his retired military pay amounted to $1,061.66, from which Husband paid Wife "approximately $451.20 as her 42.5 [percent] share of [Husband's] military retired pay."

On January 20, 2005, Husband filed his "Petition for Declaratory Judgment and Other Relief." In his petition, Husband asserted that on September 22, 2004, he received a letter from the Department of Veteran's Affairs notifying him that he "had received an increase in his service connected compensation and that his overall or combined disability rating would be sixty percent. . . ." This increase in his disability rating, Husband alleged, meant there would be a decrease in his "military retired pay" in which Wife had an interest, and as a result of the "increase in his

service related compensation . . . ," as of November 1, 2004, Husband would only be receiving $350.66 per month in military retired pay instead of $1061.66 per month. Accordingly, Husband asserted he should only be required to pay Wife $149.00 per month which is 42.5 percent of $350.66. Husband requested that the trial court enter a "judgment declaring the rights of the parties," and prayed that if the trial court found in his favor, he should be reimbursed by Wife for the overpayments made since the time of the change in his benefits.

On February 28, 2005, Wife filed a motion to dismiss Husband's petition. She maintained then, as she does now on appeal, that Husband failed to state a cause of action because the trial court could not modify its previously entered order distributing the parties' marital properties, including that portion of the military retirement pay previously awarded to her. Following a hearing, the trial court dismissed Husband's petition.

In its judgment of dismissal, the trial court found that "pursuant to [*In re Marriage of Strassner*, 895 S.W.2d 614 (Mo. App.1995)], the distribution of marital property constitutes a final order not subject to modification, and once it has been divided, a pension may not be redivided after in [sic] have changed, regardless of a change in [Husband's] disability status in this case."

Now in his sole point on appeal, Husband maintains the trial court erred in dismissing his petition for failure to state a claim

because the petition did state a cause of action for declaratory relief in that: (a) federal statute and case law establish that military *disability* benefits are not subject to distribution to a former spouse; and (b) unlike [*In re Marriage of Strassner*], the [parties'] dissolution

judgment did not prohibit [Husband] from reducing his retirement pay or indemnifying [Wife] for any breach thereof, and therefore (c) when [Husband's] disability rating was increased from ten percent to sixty percent [Husband's] non-disability military retired pay was reduced from $1,061.66 per month to $350.66 per month, and this caused, by operation of law, a corresponding reduction in [Wife's] 42.5 [percent] of [Husband's] non-disability military retired pay from $451.20 per month to $149.00 per month.

(Emphasis added).

■■■■ "We review *de novo* the grant of a motion to dismiss, examining the pleadings to determine whether they invoke principles of substantive law." *Weems v. Montgomery,* 126 S.W.3d 479, 484 (Mo. App.2004). In our review of a motion to dismiss for failure to state a claim upon which relief can be granted, we test the adequacy of the petition, assuming all averments are true and liberally granting all reasonable inferences therefrom. *Hammond v. Mun. Corr. Inst.,* 117 S.W.3d 130, 133 (Mo.App.2003). We do not weigh the facts, but review the petition in an "almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (internal citations omitted). We will affirm the trial court's ruling so long as it could be sustained on any of the grounds asserted by the movant. *Wineteer v. Vietnam Helicopter Pilots Ass'n,* 121 S.W.3d 277, 282 (Mo.App.2003).

■■■■ Military non-disability retirement pension benefits received, for service which occurred during marriage, are considered marital property. *In re Marriage of Berger,* 950 S.W.2d 307, 311 (Mo.App. 1997). "An award of a military pension is a property division and not a maintenance award." *In re Marriage of Strassner,* 895 S.W.2d at 618. " 'The fact that entitlement to retirement benefits depend upon contingencies and by their nature are speculative—both as to future entitlement thereto, and as to amounts—does not deprive them of their character as marital property.' " *In re Marriage of Berger,* 950 S.W.2d at 311 (quoting *Fairchild v. Fairchild,* 747 S.W.2d 641, 643 (Mo.App.1988)).

A military retiree may receive 'retired pay.' A veteran who becomes disabled as a result of military service is eligible for disability benefits calculated according to the seriousness of the disability and the degree to which the veteran's ability to earn a living has been impaired. To prevent double dipping a disabled military retiree may receive disability benefits, which are tax exempt, only to the extent he or she *waives* a corresponding amount of retired pay. The Uniformed Services Former Spouses' Protection Act (USFSPA) authorizes state courts to treat "disposable retired pay" as marital property. Missouri considers military non[-]disability retirement benefits received for service during marriage as marital property.... The United States Supreme Court has interpreted [the USFSPA] to preclude an award to a former spouse of any amounts of retired pay which do not fall within the definition of 'disposable retired pay.'

*In re Marriage of Strassner,* 895 S.W.2d at 616 (internal citations omitted) (emphasis added); *see also Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) (*overruled in part on remand by In re Marriage of Mansell,* 217 Cal.App.3d 219, 265 Cal.Rptr. 227 (Cal.Ct.App.1989)); 10 U.S.C. § 1408.

Husband's military retired pay or pension is, thus, marital property subject to division, while his "[d]isability benefits re-

ceived [as] a retired member of the armed services [are] not marital property." *In re Marriage of Bowman,* 972 S.W.2d 635, 638 (Mo.App.1998); *see also* 10 U.S.C. § 1408(a)(4)(B).

 It is undisputed that a trial " 'court's order as it affects distribution of marital property shall be a final order not subject to modification....' "[1] *Kolar v. Kolar,* 114 S.W.3d 440, 442 (Mo.App.2003) (quoting § 452.330.5). After entering an order distributing marital property, a "trial court retains control over its judgment for a period of thirty days...." *Wandfluh v. Wandfluh,* 716 S.W.2d 420, 422 (Mo. App.1986). Subject to the filing of certain after-trial motions, "[a]fter that thirty days ... the judgment becomes final and it is beyond the power of the court to alter or vacate the judgment." *Id; see also* Rules 75.01 and 81.04(a).

 Here, in its previously entered judgment and decree dissolving the parties' marriage, the trial court distributed the parties' marital property, including Husband's non-disability military pension, which was properly included as marital property. *See In re Marriage of Berger,* 950 S.W.2d at 311. Husband did not appeal the trial court's dissolution decree within thirty days nor did he file any recognizable after-trial motion to set aside or modify the trial court's judgment. As such, the trial court's marital property distribution contained in its dissolution decree became final. *See Wandfluh,* 716 S.W.2d at 422. A trial "court's order as it affects distribution of marital property shall be a

final order not subject to modification...." § 452.330.5. The trial court therefore had no jurisdiction to consider a modification of its previously entered judgment and decree of dissolution as related to previously distributed marital properties. *In re Marriage of Strassner,* 895 S.W.2d at 618; *see Kolar,* 114 S.W.3d at 442. "[O]nce it has been divided as part of a final decree, a pension may not be redivided after circumstances have changed." *In re Marriage of Strassner,* 895 S.W.2d at 618. As such, Husband's petition failed to "invoke[ ] principles of substantive law" and the trial court properly dismissed his action. *Weems,* 126 S.W.3d at 484. Husband's petition failed to state a cause of action for which relief could be granted. Point denied.

The judgment of the trial court is affirmed.

GARRISON, J., and BATES, C.J., concur.

---

**1.** It should be noted that orders "intended to be qualified domestic relations orders affecting pension, profit sharing and stock bonus plans pursuant to the U.S. Internal Revenue Code shall be modifiable only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order." § 452.330.5. We find nothing in the present record to suggest that the parties' decree of dissolution created a qualified domestic relations order.

Unless otherwise stated, all statutory references are to RSMo 2000 and all rule references are to Missouri Court Rules (2005).