David E. MORGAN, Respondent,

v.

Karen E. MORGAN, Appellant.

No. WD 68156.

Missouri Court of Appeals, Western District.

April 1, 2008.

Leonard Breon, Carroll G. Leffler, Warrensburg, MO, for appellant.

Matthew Morgan, Warrensburg, MO, for respondent.

Before: HOLLIGER, P.J., LOWENSTEIN and SMART, JJ.

### FACTUAL BACKGROUND:

LOWENSTEIN, Judge.

The marriage of David Morgan (David) and Karen Morgan (Karen)[1] was dissolved by a June 30, 1997 decree of the Circuit Court of Johnson County. At that time, David was serving in the United States Air

---

1. The first names of the parties will be used throughout this opinion. No disrespect is intended.

Force. As part of the distribution of marital property, the court apportioned a percentage of David's future military retired pay to Karen. The court's order stated, "[P]etitioner's military retirement is divided by setting off 50% of the marital portion of the petitioner's military retirement to the respondent with the remaining portion of the military retirement being set off to the petitioner" (David was the petitioner in the dissolution, Karen the respondent). The court further ordered that marital personal property and debt be divided in accordance with the provisions of the parties' Marital Settlement Agreement, which was incorporated into the judgment by reference.[2]

### DEVELOPMENTS SINCE DISSOLUTION:

In July 2005, David retired from the Air Force and began to draw his military retired pay. David was entitled to receive $2,358 per month in retired pay. Upon his retirement, the Veterans Administration determined that David was eligible for a non-taxable disability benefit of $406 per month due to a shoulder injury associated with his military service. This benefit could not be received in addition to retired pay, but could be taken in lieu of a portion of the retired pay that David could otherwise collect. As disability benefits are not subject to taxation, it is advantageous for eligible retirees to waive retired pay in favor of such benefits. Thus, David waived $406 of his retired pay, which reduced his retired pay from $2,358 to $1,952.

In October of 2005, Karen applied to the Defense Finance and Accounting Service (DFAS) for payment of her portion of David's retired pay. DFAS rejected the request because the language of the circuit court's judgment was not specific enough to allow DFAS to define the portion of the retired pay that was payable to Karen. The rejection letter stated that the applicant "must provide this agency a certified copy of an ... order that provides for payment as a fixed amount or payment as a percentage of the [retiree's] actual disposable military retired/retainer pay."

### CORRECTION OF JUDGMENT BY CIRCUIT COURT:

In response to this rejection, Karen filed a motion to construe the 1997 judgment. After hearing evidence, the court issued a judgment *nunc pro tunc* that restated the original judgment's distribution of the retired pay. The corrected distribution reads as follows:

> The Respondent [Karen] is awarded a percentage of the Petitioner's *disposable* military retirement pay, to be computed by multiplying 50% times a fraction, the numerator of which is 168 months of marriage during the Petitioner's creditable military service, divided by the member's total number of months of creditable military service.[3] (emphasis added)

It is this judgment to which Karen assigns error. She contests the addition of the word "disposable" to the description of retired pay amounts subject to division. Karen asserts that, since "disposable retired pay" does not include amounts waived to receive disability benefits or the disability benefits themselves, the judge validated David's unilateral reduction of the amount Karen would receive pursuant to the dissolution order. This, Karen con-

---

2. The Marital Settlement Agreement states in relevant part, "The parties agree that [Karen] shall receive 50% of [David's] marital portion of his *disposable military retired pay*." (emphasis added).

3. Karen's award expressed as a formula:

Disposable Retired Pay × [(168 months of marriage / total months of military service) x½ ]

tends, constituted an impermissible, *de facto* re-division of a martial asset.

## STANDARD OF REVIEW:

The standard of review in a court-tried civil case is set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Although this court must give deference to the trial court's factual determinations, review of any error in applying the law is *de novo*. *Lafayette v. Courtney*, 189 S.W.3d 207, 209 (Mo.App.2006).

## DISCUSSION:

Members of the Armed Forces who serve for a specified period may receive retired pay upon their retirement. *Mansell v. Mansell*, 490 U.S. 581, 583, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). "Veterans who became disabled as a result of military service are eligible for disability benefits." *Id.*; *see* 38 U.S.C. §§ 1110, 1131. The amount of disability benefits a veteran is eligible to receive is calculated according to the seriousness of the disability and the degree to which the veteran's ability to earn a living has been impaired. *Mansell*, 490 U.S. at 583, 109 S.Ct. 2023; *see* 38 U.S.C. §§ 1114, 1155. "In order to prevent double dipping, a military retiree may receive disability benefits only to the extent that he [or she] waives a corresponding amount of his military retired pay." *Mansell*, 490 U.S. at 583, 109 S.Ct. 2023. "Because disability benefits are exempt from federal, state, and local taxation, military retirees who waive their retired pay in favor of disability benefits [can] increase their after-tax income." *Id.* at 583–84, 109 S.Ct. 2023 (citation omitted).

"The Uniformed Services Former Spouses' Protection Act (USFSPA) authorizes state courts to treat 'disposable retired pay' as marital property." 10 U.S.C. § 1408(c)(1); *In re Marriage of Strassner*, 895 S.W.2d 614, 616 (Mo.App. 1995). Missouri considers such disposable retired pay as is received for service performed during the marriage to be marital property, subject to division in a dissolution proceeding. *Strassner*, 895 S.W.2d at 616. Under the USFSPA, "disposable retired pay" is defined as "the total monthly retired pay to which a [military] member is entitled," less certain deductions. 10 U.S.C. § 1408(a)(4). The deductions include amounts waived in order to receive disability benefits. § 1408(a)(4)(B). In *Mansell v. Mansell*, the United States Supreme Court interpreted 10 U.S.C. § 1408 to preclude an award to a former spouse of any amounts of retired pay that are not within the definition of "disposable retired pay." 490 U.S. at 594–95, 109 S.Ct. 2023. *Mansell* prevents state courts from treating military retired pay that has been waived in favor of disability benefits as property divisible in a dissolution proceeding. *Strassner*, 895 S.W.2d at 617. For purposes of property division in Missouri, this means that both disability benefits and any retired pay amounts waived to receive them are non-marital property. *In re Marriage of Bowman*, 972 S.W.2d 635, 638 (Mo.App.1998).

In Missouri, the distribution of marital property constitutes a final order and is not subject to modification or alteration. § 452.330.5, RSMo 2000; *Wandfluh v. Wandfluh*, 716 S.W.2d 420, 422 (Mo. App.1986). "An award of military retired pay is a property division and not a maintenance award." *Strassner*, 895 S.W.2d at 618. For this reason, once it has been divided as part of a final judgment, military retired pay may not be re-divided

after circumstances have changed. *Id.* It has been recognized that the operation of section 1408, especially when combined with a prohibition on re-dividing marital property, gives a military retiree such as the respondent unique control over a marital asset. *See, e.g., Mansell,* 490 U.S. at 594, 109 S.Ct. 2023; *Moon v. Moon,* 795 S.W.2d 511, 514 n. 2 (Mo.App.1990). Since Missouri courts cannot re-divide the marital portion of a retiree's disposable retired pay after the final dissolution decree, a retiree can thereafter alter the amount designated as disposable retired pay, by waiving some portion of it in favor of disability benefits, and thereby reduce the amount payable to his or her former spouse. *See Moon,* 795 S.W.2d at 514. The court in *Moon* noted, "It is apparent that this result allows former military personnel unilaterally to alter the terms of a final judgment dividing marital property. The [United States] Supreme Court recognized the harshness of this result when it observed: 'We realize that reading [section 1408] literally may inflict economic harm on many former spouses. But we decline to misread the statute in order to reach a sympathetic result....'" *Moon,* 795 S.W.2d at 514 n. 2 (quoting *Mansell,* 490 U.S. at 594, 109 S.Ct. 2023).

As the appellant Karen notes in her brief, the important issue here is the addition of the word "disposable" to the description of the retired pay subject to division by the dissolution judgment. It is her argument that the term should not have been added and that she should receive her percentage as if David had not waived any amount of retired pay. Essentially, what Karen seeks is a percentage of David's total retired pay, as opposed to a percentage of his disposable retired pay. This request simply cannot be granted.

 To gain perspective with regard to Karen's argument, it is helpful to examine her rights relating to David's retired pay at the time of the dissolution decree. The Marital Settlement Agreement prepared by Karen and David and incorporated into the dissolution court's judgment describes the retired pay to be divided as *"disposable* military retired pay." (Emphasis added.) At the outset, Karen bargained for a fraction of an asset with an undetermined value. Since David was still in active service at the time of the dissolution and the amount of retired pay is determined by the number of years served and rank achieved at retirement, it was impossible at the time of dissolution to determine the total retired pay for which David would be eligible. Since disposable retired pay is subject to reduction by waivers for disability benefits, along with several other deductions under section 1408(a)(4), the amount that Karen was to receive under the agreement was not even calculable at the time of the dissolution. That said, Karen's agreement to accept a fraction of "disposable" retired pay assumed the risk of negative fluctuation in amounts payable under that description.

 In order to avoid this result, Karen focuses on the language of the original dissolution judgment which omitted the word "disposable" from the division of retired pay. This becomes the basis of her argument that the court effectively re-divided a marital asset through the judgment *nunc pro tunc.* For this argument to hold any weight, it must be assumed that Karen at some point was entitled to a fraction of David's total retired pay and that the order reduced the value of that fraction by applying it only to disposable retired pay. This is not the case. Regardless of the wording of the dissolution judgment, *Mansell* allows only *disposable* retired pay to be considered as martial property. Total retired pay amounts that do not fit into the category of disposable

retired pay cannot be divided in a dissolution judgment. This includes both disability benefits and amounts waived to receive disability benefits. Therefore, the omission of the word "disposable" from the original dissolution judgment is immaterial. The dissolution court could not have awarded Karen a fraction of David's total retired pay. Since the term "disposable" was inherent in the retired pay division, Judge Cook did not re-divide a previously divided marital asset with the judgment *nunc pro tunc.* Judge Cook's addition of the term "disposable" merely recognized the status of the law regarding military retirement pay.

Karen seeks an order from this court declaring that her disbursement from David's retirement pay is unaffected by David's section 1408(a) deductions. In 1990, however, the eastern district reversed a trial court's decision to do just what Karen requests. *See Moon,* 795 S.W.2d at 511. In *Moon,* the former wife of a military retiree sought modification of a property division because the retiree's re-employment with the federal government resulted in a lower monthly payment. *Id.* at 512. She had been awarded 41.7% of her ex-husband's retired pay. *Id.* Because the retiree had again become employed by the federal government, the amount designated as "disposable retired pay" under section 1408 was reduced pursuant to the appropriate deduction provided by section 1408(a)(4). *Id.* at 512–14. The former wife's monthly payment, as it constituted a fraction of the disposable retired pay, was reduced accordingly. *Id.* On her motion, the trial court amended the property division and awarded the former wife 41.7% of the retiree's gross retirement benefit, which included disposable

retired pay as well as the amounts which were to be deducted therefrom under section 1408. *Id.* at 513. The eastern district reversed, explaining that the amending judgment improperly treated non-"disposable retired pay" amounts as divisible marital property. *Id.* at 514.

Finally, Karen argues that David should not have been allowed to unilaterally change the amounts payable to her under the dissolution judgment by selecting disability benefits over retirement pay. She cites cases from several other states that have taken various measures to protect the interests of a former spouse where the retiree's actions reduced disposable retired pay to which a former spouse had a claim. *See, e.g., In re Marriage of Krempin,* 70 Cal.App.4th 1008, 83 Cal.Rptr.2d 134 (1999) (resulting trust imposed on retirement pay for amounts lost by former spouse due to retiree's waiver); *Janovic v. Janovic,* 814 So.2d 1096 (Fla.Dist.Ct.App. 2002) (indemnification of former spouse for amounts lost to waiver); *Troxell v. Troxell,* 28 P.3d 1169 (Okla.Civ.App.2001) (use of other assets to compensate former spouse for amounts lost to waiver). *But see In re Marriage of Pierce,* 26 Kan.App.2d 236, 982 P.2d 995 (1999) (policy of finality in property divisions prevented relief for former spouse where retiree waived 100% of retired pay to collect disability pay). With respect to such measures employed after the final dissolution judgment, the eastern district has stated, "It would be inconsistent with Missouri law which makes property divisions final and would promote uncertainty to follow the procedure ... of redetermining the property allocation after a waiver has been made." *In re Marriage of Strassner,* 895 S.W.2d 614, 618 (Mo.App. 1995).[4] Disregarding this statement, Karen argues that *Gurtz v. Gurtz* constitutes

---

4. In this quote, *Strassner* was specifically referring to the procedure employed by the trial court in *Clauson v. Clauson,* 831 P.2d 1257 (Alaska 1992). The *Clauson* trial court, on the motion of a retiree's former spouse several years after the divorce judgment, ordered

an implicit adoption of the "majority rule" prohibiting retirees from unilaterally reducing disbursements to their former spouse. However, the *Gurtz* holding did not reach that far. *See Gurtz v. Gurtz,* 186 S.W.3d 435 (Mo.App.2006). In *Gurtz,* a retiree's disability rating was increased after the judgment dissolving his marriage became final. *Gurtz,* 186 S.W.3d at 437. The retiree asked the trial court for a declaration recognizing a change in the rights of the parties and an order of reimbursement from his former spouse for amounts overpaid since the change. *Id.* The case was dismissed. *Id.* On appeal, the court explained that there was no jurisdiction to alter or amend the earlier judgment as a final decree had already distributed the martial assets. *Id.* at 439. Rather than supporting Karen's argument, *Gurtz* actually cuts against it. Here, it is Karen who seeks either an alteration of the final dissolution judgment, through an interpretation inconsistent with its original intent and meaning, or an award to compensate her for the decline in value of the asset she was awarded in the dissolution. Both are prevented by the finality of marital asset distributions.

▆ Missouri does offer a mechanism that can be used to protect the former spouse of a military retiree from changes in disposable retired pay caused by section 1408(a)(4) deductions. *See Strassner,* 895 S.W.2d at 614. In *Strassner,* the court held that a trial court's dissolution judgment could prohibit a retiree from waiving retirement benefits and require that retiree to indemnify his former spouse for her portion of any such waived benefits without violating *Mansell. Strassner,* 895 S.W.2d at 617–18. *Strassner* explains that, in situations where a

former spouse is awarded a portion of a retiree's disposable retired pay, there exists a "threatened contingency" of waiver by the retiree. *Id.* at 618. This contingency may be addressed in the "broad discretion" of the trial court to "design a plan to protect the parties' rights and best interests." *Id.* Here, there was no indemnity clause protecting Karen from the possibility of David's becoming eligible for and receiving disability benefits. The court did not order indemnity or prohibit David from waiving retired pay. The Marital Separation Agreement, which the court incorporated into the dissolution judgment, did not contain any such provisions. Thus, David's waiver was not in violation of the court order or the separation agreement. Such action was merely a contingency for which Karen was unprotected.

▆ In conclusion, the dissolution judgment provided that Karen would receive a certain percentage of David's military retired pay. Under federal law, the judgment could divide only disposable retired pay. Karen was and is entitled to a portion of David's disposable retired pay, which is exactly what the corrected judgment provides. In order for Judge Cook to have compensated for the reduction in amounts distributed to Karen as a result of the changes to David's disposable retired pay, it would have been necessary to unlawfully modify the original division of marital property.

The judgment of the circuit court is affirmed.

All concur.

---

him to make monthly payments to her to compensate for his having waived retired pay in favor of disability benefits. *Clauson,* 831 P.2d at 1258. This revision of the dissolution

judgment, *Strassner* notes, is inconsistent with Missouri law regarding the finality of property distributions. *Strassner,* 895 S.W.2d at 618.