Ann Maureen CROWLEY, Respondent,

v.

Edward Charles CROWLEY, Appellant.

No. 60889.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 14, 1992.

Application to Transfer Denied
Oct. 27, 1992.

---

William W. Hollander, John T. Sluggett, II, Clayton, for appellant.

Ann Maureen Crowley, pro se.

CRIST, Judge.

Appellant (Husband) appeals the motion court's June 27, 1991 orders sustaining Respondent's (Wife) petition in equity to distribute pension benefits and overruling Husband's motion to modify the maintenance provisions of their June 21, 1984 dissolution decree awarding Wife $750 per month. We affirm the motion court's order overruling Husband's motion to modify, but reverse the trial court's order sustaining Wife's petition in equity to distribute pension benefits.

■ The marriage of the parties was dissolved on June 21, 1984, after twenty-six years of marriage. The decree provided for monthly maintenance to Wife in the sum of $750. Husband failed to prove such substantial and continuing change in the circumstances as to make continued maintenance payments unreasonable. *Halliday v. Bolland,* 813 S.W.2d 34, 36–37 [5] (Mo. App.1991). There was substantial evidence Wife's income was insufficient to meet her reasonable needs. Husband's income had increased since the decree. Husband's increase in expenses due to his remarriage is not a ground for modification. *Moseley v. Moseley,* 744 S.W.2d 874, 877 [5] (Mo.App. 1988).

■ The dissolution court also awarded Wife ²⁶/₃₈ of one-half of Husband's pension benefits. The formula for the award was stated in the decree—twenty-six years of marriage with Husband to retire in twelve years at age sixty-five. Husband retired early after thirty-two whole years with his employer. The motion court awarded Wife ²⁶/₃₂ of one-half of Husband's pension benefits for the stated purpose of conforming to the terms of the dissolution decree.

The June 21, 1984 dissolution decree had become final. *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 406 [1] (Mo.banc 1980). Husband's pension had been divided. It was marital property. It could not be divided again. *In re Marriage of Cope,* 805 S.W.2d 303, 305 [1] (Mo.App.1991), and *Churn v. Churn,* 751 S.W.2d 752 (Mo.banc 1988). The pension was not an omitted asset. Therefore a suit in equity was not an available remedy. *Bross v. Denny,* 791 S.W.2d 416, 420 [3] (Mo.App.1990).

The order sustaining Wife's petition in equity to distribute pension benefits is reversed. The order overruling Husband's motion to modify maintenance is affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.