861 P.2d 113

Berit Elisabet McHUGH, Plaintiff–
Respondent,

v.

Richard Gregory McHUGH,
Defendant–Appellant.

No. 19974.

Court of Appeals of Idaho.

Oct. 1, 1993.

Robert P. Tunnicliff, Moscow, argued for appellant.

Schwam Law Firm, Moscow, for respondent. Andrew M. Schwam argued.

WALTERS, Chief Judge.

This is an appeal from a supplemental order issued pursuant to the terms of a settlement agreement dividing a military retirement benefit in a divorce action. For the reasons explained below, we affirm.

Richard Gregory McHugh (Richard) and Berit Elisabet McHugh (Elisabet) were divorced in 1979. On April 1, 1982, the court issued an amended[1] final decree dividing their marital property. This decree was appealed and subsequently affirmed in *McHugh v. McHugh*, 108 Idaho 347, 699 P.2d 1361 (1985). In 1984, while awaiting decision by the Idaho Supreme Court, Elis-

---

1. The original final decree was issued on March 1, 1982.

abet filed a petition in the lower court seeking to divide Richard's military pension, an item not presented to the court in the earlier proceedings. The lower court dismissed the petition and Elisabet appealed. The Supreme Court reversed and remanded the case to the lower court for a division of the military retirement pay. *See McHugh v. McHugh*, 115 Idaho 198, 766 P.2d 133 (1988).

■ The parties ultimately negotiated a settlement and executed a Stipulation to Settle Division of Navy Retirement and Other Matters (hereinafter "the settlement agreement"). Under the terms of that agreement, Elisabet would receive monthly payments of $360.59 from Richard's "disposable retired pay."[2] This amount was not to be increased or decreased "for any reason" except by the application of cost-of-living increases, of which Elisabet was entitled to a pro-rata share. The settlement agreement further provided for a court order directing the Secretary of the Navy to make these payments directly to Elisabet, and for the court to retain jurisdiction "to modify the wording of its order to the Navy, so as to satisfy any requirement that the Navy may have which is necessary to effectuate the payments to Elisabet as envisioned by this agreement and stipulation."

On April 18, 1990, the district court entered an order containing the parties' settlement agreement and providing for the retention of limited jurisdiction:

with respect to the order to the Navy so that such order can be modified, if necessary, to satisfy any particular requirements the Navy may demand in order to carry out the intent of this agreement to pay her [Elisabet] $360.59, plus cost-of-living increases.

On the same day, the court entered a separate order directing the Secretary of the Navy to make direct payments to Elisabet from Richard's available retired pay in the fixed amount of $360.59, plus cost-of-living increases "by the same percentage increase which is granted to Mr. McHugh's retirement pay." The Navy made the fixed-dollar payment but refused to pay cost-of-living increases, suggesting in a letter to Elisabet's attorney that the court's formula for calculating the increases did not comply with the Navy's formal requirements.[3] To satisfy the Navy's requirements, the district court issued a supplemental order, denominated a "Clarifying Order" at the request of the Navy, which expressed Elisabet's share of the retired pay as eighteen percent. This order (hereinafter "the first clarifying order") was entered on December 12, 1990, per the stipulation of counsel. With her property interest in Richard's retired pay stated in this manner, the payments from the Navy included the cost-of-living increases.

Due to a subsequent change in Richard's disability status, the Navy increased his disability payments. As provided for by law, these disability payments were deducted from his retired pay, *see* 38 U.S.C. § 3105; 10 U.S.C. 1408(a)(4)(B), which cor-

2. "Disposable retired pay" means the total monthly retired or retainer pay to which a former member of the military is entitled, less amounts owed to the United States, or deducted as provided for in 10 U.S.C. § 1408(a)(4). In Idaho, disposable retired pay is treated as community property. *Griggs v. Griggs*, 107 Idaho 123, 686 P.2d 68 (1984). Disability pay, which may be deducted from the disposable retired pay, is strictly the separate property of the retired member. *Id.; see also* 10 U.S.C. § 1408(c)(1).

3. A court order providing for the division of retired pay between spouses must specifically provide for the payment of an amount, expressed in dollars *or* as a percentage of disposable retired pay. 10 U.S.C. § 1408(a)(1)(C). The

regulations promulgated under section 1408 additionally state:

A court order that provides for a division of retired pay by means of a formula wherein the elements of the formula are not *specifically set forth or readily apparent on the face of the court order will not be honored unless clarified by the court.*

32 C.F.R. § 63.6(c)(8) (1992). (Emphasis supplied.)

The Secretary's refusal to pay the cost-of-living increases ordered by the court may have been the result of the court's formula combining a fixed amount with a percentage figure, or else for the reason that the "percentage" referenced in the order was not readily apparent on the face of the order.

respondingly decreased the amounts to be paid Elisabet. As a result, her monthly payments immediately dropped to $173.35. With the express purpose of restoring Elisabet's payment amount to that provided for in the settlement agreement, the district court issued another supplemental order on April 10, 1992, increasing her percentage of Richard's disposable retired pay from eighteen to 40.37. Under this latter order, denominated the "Second Clarifying Order To The Secretary Of The Navy," (hereinafter "the second clarifying order"), Elisabet would receive monthly payments of $394.60, which was nearly the same as the $394.64 ($360.59 plus cost-of-living increases) she had been receiving prior to the increased disability pay deductions from the retired pay. In support of its order, the district court expressly found that the first clarifying order, translating the fixed sum to a percentage figure, was issued to effectuate the intent of the settlement agreement, which was that the Navy pay Elisabet the sum of $360.59 plus cost-of-living increases. Richard appeals from this latter order.

■ Richard contends that district court erroneously increased Elisabet's share of his retired pay without any proper basis for doing so. He argues that by stipulating to the entry of the order translating the fixed amount to a percentage figure, Elisabet "gave up" her right to the certainty of receiving a fixed amount. To support this position, he cites to the hearing held prior to the entry of the first clarifying order. At the conclusion of that proceeding, Richard's attorney raised the argument that by converting the sum to a percentage figure, Elisabet would assume the risk that her payments might be reduced in the future by a change in Richard's disability rating. We observe, however, that these statements were merely remarks by counsel to the court. They were not part of any agreement reached between the parties, nor did they become part of the court's order.

Rather, it is plain from the record before us that the purpose of both clarifying orders was to carry out the terms of the settlement agreement, which calls for direct monthly payment from the Navy to Elisabet of the fixed, negotiated amount of $360.59, plus cost-of-living increases. As provided for in the settlement agreement, these orders were entered pursuant to the court's limited retention of jurisdiction to issue supplemental orders, "if necessary, to satisfy any particular requirements the Navy may demand *in order to carry out the intent of this agreement to pay [Elisabet] $360.59, plus cost-of-living increases.*" (Emphasis added.) Moreover, Richard's contention is contrary to the district court's express finding that the clarifying order translating the fixed-sum formula to a percentage figure was intended to give effect to the terms of the settlement agreement. This finding is supported by substantial evidence in the record, and will not be disturbed on appeal. *See Abbott v. Nampa School Dist. No. 131*, 119 Idaho 544, 808 P.2d 1289 (1991).

■ Richard additionally asserts that the second clarifying order is erroneous on the basis that it essentially divides his disability pay, an item of his separate property which is not divisible. *See Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); *Griggs v. Griggs*, 107 Idaho 123, 686 P.2d 68 (1984) (discussing military retired pay and military disability pay). This argument is misplaced. The parties negotiated for and *mutually agreed* to a division of the military retired pay which granted Elisabet a specific monthly sum. They further agreed that this sum would not be increased or decreased in the future "for any reason" except by the application of cost-of-living increases.[4] The two supplemental orders issued by the court did not alter this agreed-to division of the asset, but served simply to enforce it. In short, there is no new division of the retirement pay, and Richard's argument in this regard does not apply.

---

**4.** However, the Navy is not authorized to pay Elisabet more than one-half of Richard's disposable retired pay. *See* 10 U.S.C. § 1408(d)(1), (e)(1).

We conclude that Richard has not demonstrated error on the part of the district court. Therefore, we affirm the court's second clarifying order.

 Because she has prevailed in this appeal, Elisabet, the respondent, is entitled to an award of her costs. *See* I.A.R. 40. She also has requested attorney fees under I.C. § 12–121. Having reviewed the record and arguments presented, a majority of this Court is left with the abiding belief that the appeal was brought frivolously, unreasonably and without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Pass v. Kenny*, 118 Idaho 445, 797 P.2d 153 (Ct. App.1990). Consequently, Elisabet is also entitled to an award of reasonable attorney fees, to be determined as provided in I.A.R. 41.

SWANSTROM, J., pro tem., concurs.

CAREY, Judge, pro tem., dissenting in part.

I concur with the disposition reached on the merits of this appeal; however, I do not agree that the appeal was brought frivolously, unreasonably or without foundation. Accordingly, I do not join with the Court in awarding attorney fees on appeal to the respondent.