In re MARRIAGE OF Louis Robert STRASSNER and Joanne Strassner.

Louis Robert STRASSNER, Petitioner/Appellant,

v.

Joanne STRASSNER, Respondent/Respondent.

No. 65448.

Missouri Court of Appeals, Eastern District, Division Three.

March 14, 1995.

Rodolfo Rivera, Fortus, Anderson, Rivera & Hine, Clayton, for appellant.

Nancy E. Emmel, Dubail, Judge P.C., St. Louis, for respondent.

CRANE, Presiding Judge.

Husband, a military retiree, appeals from a decree of dissolution of marriage. He specifically challenges those portions of the decree relating to his military pension and disability benefits and the maintenance award to wife. Because portions of the decree do not wholly conform to federal law relating to military pensions, we reverse and remand.

Joanne Strassner [wife] and Louis Robert Strassner [husband] were married on October 20, 1972 in California. Two children were born during the marriage, both of whom were emancipated at the time of dissolution. Husband entered the Marine Corps in April, 1960. He retired on January 31, 1992 at which time he was rated 40% disabled.

Husband filed a petition for dissolution of marriage on June 11, 1992. The trial court

entered a decree dissolving the marriage on December 1, 1993, which was amended on January 7, 1994. At the time the decree was entered, husband was rated 60% disabled and received $1,537 in monthly retirement income and $789 in monthly disability income for a total of $2,326 per month.

In its decree, as amended, the trial court ordered husband to continue to elect wife as sole beneficiary of husband's Survivor Benefit Plan (SBP) with the premiums to be deducted from husband's military pay. It ordered that wife was to receive 31% of husband's military pension which it calculated as $476.47 per month. The court prohibited husband from taking any action which would reduce wife's share of husband's pension benefits including merging retired pay with other pensions or waiving any portion of retired pay in order to receive increased disability pay. It provided that husband would indemnify wife for any breach of this provision. It further provided that wife was entitled to any increases in husband's military pension. It also awarded wife nonmodifiable maintenance of $350 per month, a reduction from its original award. Husband challenges these provisions on appeal.

The first three points raised on appeal relate to husband's military pension and disability benefits. A military retiree may receive "retired pay." *Mansell v. Mansell*, 490 U.S. 581, 583, 109 S.Ct. 2023, 2025, 104 L.Ed.2d 675 (1989). A veteran who becomes disabled as a result of military service is eligible for disability benefits calculated according to the seriousness of the disability and the degree to which the veteran's ability to earn a living has been impaired. *Mansell*, 490 U.S. at 583, 109 S.Ct. at 2026. To prevent double dipping a disabled military retiree may receive disability benefits, which are tax exempt, only to the extent he or she waives a corresponding amount of retired pay. *Id.*

■ The Uniformed Services Former Spouses' Protection Act [USFSPA] authorizes state courts to treat "disposable retired pay" as marital property. 10 U.S.C. § 1408(c)(1) (1988 & Supp. V 1993). Missouri considers military nondisability retirement benefits received for service during

marriage as marital property. *Moritz v. Moritz*, 844 S.W.2d 109, 115 (Mo.App.1992). The USFSPA defines "disposable retired pay" as "the total monthly retired pay to which a [military] member is entitled," minus certain deductions. 10 U.S.C. § 1408(a)(4). Among these deductions are amounts waived in order to receive disability benefits, § 1408(a)(4)(B), and amounts deducted as premiums for a SBP, § 1408(a)(4)(D). The United States Supreme Court has interpreted this statute to preclude an award to a former spouse of any amounts of retired pay which do not fall within the definition of "disposable retired pay." *Mansell*, 490 U.S. at 590, 109 S.Ct. at 2029.

I.

■ Husband first contends that the trial court misapplied USFSPA by not deducting husband's monthly SBP premium payments when it calculated the amount of husband's "disposable retired pay." In paragraph 8 of its decree, as amended, the trial court ordered:

> Wife is entitled to 31% of Husband's military pension. At this time, because of Husband's partial disability rating, her marital share is $476.47 per month.

It is apparent that $476.47 is not 31% of husband's "disposable retired pay." To calculate correctly "disposable retired pay," the trial court should have subtracted husband's monthly disability pay of $789 and the $151.21 monthly SBP premium from husband's monthly gross pay of $2,326. The result indicates the court failed to subtract the monthly SBP premium as required by 10 U.S.C. § 1408(a)(4)(D).

A court order providing for the division of retired pay between spouses must specifically provide for the payment of an amount expressed in dollars *or* as a percentage of disposable retired pay. 10 U.S.C. § 1408(a)(2)(C). Here the trial court provided for the payment of a percentage of "military pension" *and* an incorrectly calculated dollar amount. On remand the trial court should make its order comply with § 1408(a)(2)(C) and any applicable regula-

tions thereunder as well as make any deductions required by § 1408(a)(4)(B) and (D).

Wife contends her maintenance award should be increased to compensate for the reduction in her share of the pension. The record before us does not clearly indicate whether these two determinations were interdependent. *See, e.g., Lynch v. Lynch,* 665 S.W.2d 20, 24 (Mo.App.1983). If the maintenance award and the pension distribution were interdependent, the amount of maintenance must be redetermined on remand. *See Johnson v. Johnson,* 743 S.W.2d 595, 597 (Mo.App.1988).

## II.

For his second point husband asserts that the trial court abused its discretion in dividing his military pension by ordering husband to maintain his disability rating at 60%. Husband's contention is directed to that portion of Paragraph 8 of the decree, as amended, which provides:

> Husband shall not take any further action when [sic] would defeat, reduce or limit Wife's right to receive her share of Husband's military pension benefits, including merging retired pay with other pensions or waiving any portion of retired pay in order to receive increased disability pay. If Husband does breach this paragraph, he shall indemnify and pay directly to Wife any sums reduced by such action.

Husband argues that this provision enjoins him from exercising an option available to all veterans who receive disability compensation. He further contends that this provision effectively divides disability benefits by dividing retirement benefits which could otherwise be waived in violation of *Mansell.*

It is clear that under *Mansell* a state court may not treat military retirement pay "that has been waived to receive veterans' disability benefits" as property divisible in a dissolution action. 490 U.S. at 594–95, 109 S.Ct. at 2032. The question which arises is whether a trial court's order prohibiting a spouse from waiving retirement benefits in the future or, in the event of breach, requiring the spouse to indemnify the other spouse for

such waived benefits is a prohibited division of disability benefits. We hold it is not.

In *Owen v. Owen,* 14 Va.App. 623, 419 S.E.2d 267, 269 (1992), the Virginia Court of Appeals addressed a similar provision in a property settlement agreement entered in a divorce case. That agreement provided that the wife would receive one-half of the husband's gross retirement pay plus cost-of-living increases. The husband guaranteed the wife that he would not take any action to defeat the wife's rights and agreed to indemnify her for any breach. After the divorce the husband retired and applied for a disability determination. The trial court then determined the dollar amount of wife's share of husband's pension. Subsequently, the husband was given a disability rating of 60% and he elected to receive disability pay. He notified the wife that he was reducing her payments to correspond with his reduced retirement pay. The trial court ordered the husband to pay the wife one-half of his pension without reduction for disability pay. On appeal the husband contended that the trial court had no power to divide his military disability benefits. *Owen,* 419 S.E.2d at 269. The appellate court held that the guarantee did "not purport to assign military disability benefits to the wife" and that federal law did "not prevent the spouses from entering into an agreement to provide a set level of payments, the amount of which is determined by considering disability benefits as well as retirement benefits." *Id.* at 269–70. The court rejected the argument that the trial court's order impermissibly divided disability benefits on the grounds that the order did not specify the source from which the husband was to pay the wife if he breached the provision. *Id.* The court found that the indemnification clause was valid and enforceable. *Id.* at 271.

In *McHugh v. McHugh,* 124 Idaho 543, 861 P.2d 113 (App.1993), the spouses also entered into a settlement agreement, which was contained in a trial court order, for the husband to pay the wife a set sum each month from his disposable retired pay. The amount was not to be changed for any reason except as a result of cost-of-living increases. To comply with the Navy's rules, the trial

court assigned a certain percentage of the husband's disposable retired pay to the wife as her judicially determined share of this marital property. When the husband's disposable retired pay was later decreased due to his receipt of disability pay, the Navy automatically reduced the wife's percentage share. The trial court then issued a supplemental order increasing wife's percentage share so that she would receive the same dollar amount as before the reduction for disability pay. On appeal the husband argued that this was an impermissible division of his disability pay under *Mansell*. The court held that the increased percentage was not a new division of the retirement pay, but was instead the enforcement of the parties' mutual agreement for husband to pay wife a certain sum of money. *McHugh*, 861 P.2d at 115.

Husband relies on *Clauson v. Clauson*, 831 P.2d 1257 (Alaska 1992). *Clauson* did not involve an agreement or order prospectively limiting a military spouse's waiver of retirement benefits. Rather, the wife was given a percentage of husband's military retirement benefits as part of the property settlement in a divorce. Four years later the husband waived all his retirement benefits to receive disability benefits. The wife moved to modify the original divorce decree. The trial court ordered the husband to pay the wife the exact amounts she would have been paid had he not waived his retirement benefits. On appeal the Alaska Supreme Court found the wife's motion was within its rule allowing relief from judgment in extraordinary circumstances. The court held that federal law does not preclude Alaska courts from considering, when equitably allocating property upon divorce, the economic consequences of a decision to waive military retirement pay in order to receive disability pay. *Id.* at 1264. However, it further held a trial court could not, on a motion to modify, simply order the husband to pay wife the exact amount she had been receiving from husband's retirement pay. *Id.* It remanded the case for a hearing to reconsider an equitable division of the parties' marital assets in light of the new circumstances. *Id.* at 1259.

■ An award of a military pension is a property division and not a maintenance award. *Peaslee v. Peaslee*, 844 S.W.2d 569, 571 (Mo.App.1992). The distribution of marital property in Missouri constitutes a final order not subject to modification. § 452.330.5 RSMo 1994. Thus, once it has been divided as part of a final decree, a pension may not be redivided after circumstances have changed. *Crowley v. Crowley*, 838 S.W.2d 95, 96 (Mo.App.1992). In the present case the trial court awarded wife a percentage of disposable retired pay as calculated at the time of the decree. Wife's share in husband's pension was finally determined on the date of the decree as to amounts which had not at that time been waived and, thus, the decree did not violate *Mansell* by distributing waived amounts. The trial court finally determined wife's interest in this marital asset.

■ Although husband was retired at the time of dissolution and was receiving benefits in the form of disposable retired pay, there was a threatened contingency, waiver of retirement benefits, which could risk forfeiture of wife's award. Where such contingencies exist, the trial court has broad discretion to design a plan to protect the parties' rights and best interests. *Kuchta v. Kuchta*, 636 S.W.2d 663, 666 (Mo. banc 1982). Here, the trial court's order protected wife's right to receive the property she had been allocated, or its value, without specifying an improper source of funds for indemnification. It would be inconsistent with Missouri law which makes property divisions final and would promote uncertainty to follow the procedure sanctioned in *Clauson* of redetermining the property allocation after a waiver has been made.

Under these circumstances it was within the trial court's discretion to prohibit husband from reducing his retirement pay or to indemnify wife for any breach. In making this order the trial court did not prospectively divide disability benefits, but instead provided a manner of enforcing the property division contained in the original decree. Point two is denied.

### III.

For his third point husband contends the trial court erred in Paragraph 8 of its decree as amended which states:

Wife shall be entitled to any increases in Petitioner's military pension, including cost of living raises and this shall not affect Petitioner's duty of indemnification upon breach.

Husband interprets this language to entitle wife to the whole of any cost-of-living increases in either his disposable retired pay or his disability pay. Husband argues that wife is only entitled to her judicially determined share (31%) of any increases in his disposable retired pay. Wife concedes that she is only entitled to her pro-rata share of any increases and argues this provision so provides. Neither party has addressed whether this provision is sufficiently clear for the Marine Corps to make these payments. On remand the trial court should clarify this provision to indicate specifically that wife is entitled to a 31% share of any increases in husband's disposable retired pay. The parties should supply the trial court with any pertinent military regulations governing the wording or contents of an order granting cost-of-living increases to a spouse.

### IV.

For his fourth point husband asserts the trial court abused its discretion in awarding wife permanent, nonmodifiable maintenance in the amount of $350 per month because there was sufficient evidence to establish that wife did have the means to support herself. We review the award to determine if there is sufficient evidence to support the trial court's award. *In re Marriage of Julian*, 868 S.W.2d 182, 184 (Mo. App.1994). We have reviewed the evidence relating to wife's education, work experience, skills, and health and conclude that the record contains sufficient evidence to support the trial court's maintenance award in the amount of $350. However, as we set out under point one, if the maintenance award and the division of the military pension were interdependent, the trial court must redetermine the amount of maintenance on remand.

The judgment is reversed and remanded for further proceedings as set out in this opinion.

CRANDALL and DOWD, JJ., concur.