110 P.3d 409

**David K. PEREZ, Plaintiff–Appellant,**

v.

**Leslie T. PEREZ, Defendant–Appellee.**

**No. 26050.**

Intermediate Court of Appeals of Hawai'i.

March 22, 2005.

John V. Kendrick for Plaintiff–Appellant.

William H. Brady, Honolulu, for Defendant–Appellee.

BURNS, C.J., WATANABE AND FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

This is an appeal by Plaintiff–Appellant David K. Perez (David) from a December 8, 2004 Amended Order Granting in Part and Denying in Part Defendant Leslie T. Perez's Motion and Affidavit for Post–Decree Relief Filed on June 6, 2003 (December 8, 2004 Amended Order) entered in the Family Court of the First Circuit. We affirm.

## BACKGROUND

On September 11, 1968, David entered the United States Armed Forces. David and Defendant–Appellee Leslie T. Perez (Leslie) were married on December 6, 1972. They have two adult non-dependent children.

David retired from military service on March 1, 1990. On July 2, 1996, David filed a complaint for divorce. Pursuant to the agreement of the parties, as indicated by their signatures approving its form and content, the August 4, 1997 Decree Granting Absolute Divorce (Divorce Decree) entered by Judge Lillian Ramirez–Uy states, in relevant part, as follows:

> 6) *Retirement benefits.* [Leslie] is awarded a FORTY PERCENT (40%) portion of each payment of disposable retired or retainer pay. The portion is "x" in the following formula, in which "M" is the total

number of years of the marriage which were also years credited to [David] for retirement purposes, "Y" is the total number of years credited to [David] for retirement purposes, and in which "DRRP" equals the payment of disposable retired or retainer pay to be divided.

$$X = \{.5\} \quad \{M/Y\} \quad \{DRRP\}$$

$$40\% = (.5) \quad \frac{(17.4)}{(21.6)} \quad (DRRP)$$

Disposable retired or retainer pay for these purposes shall be the gross retired or retainer pay to which [David] is entitled less only amounts which:

(a) are owed by [David] to the United States for previous overpayments of retired pay and for recoupments required by law resulting from entitlement to retired pay;

(b) are deducted from the retired pay of [David] as a result of forfeitures of retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under Title 5 or 38, U.S.C.;

(c) in the case where [David] is entitled to retired pay under Chapter 61 of Title 10, U.S.C., an amount which is equal to the amount of retired pay of [David] under that Chapter computed using the percentage of [David's] disability on the date when [David] was retired (or the date on which his name was placed on the temporary disability retired list); or

(d) are deducted because of an election under 10 U.S.C. Section 1431 *et seq.* to provide an annuity to [Leslie] or any former spouse to whom payment of a portion of [David's] retired pay is being made pursuant to a court order. If other deductions from gross monthly retired or retainer pay are made[,] [Leslie's] portion of each payment of disposable retired or retainer pay shall be increased so that [Leslie] receives what she would have received had those other deductions not occurred.

The United States Government shall directly pay [Leslie] her portion of [David's] disposable retired or retainer pay.

. . . .

In the event that the United States Government will not directly pay [Leslie] all she is entitled to under this Section, [David] shall immediately make payment to [Leslie] her portion of his disposable retired pay as soon as he receives it.

[David] shall pay [Leslie] her portion of [David's] disposable retired or retainer pay as soon as he receives it.

. . . .

The Family Court has jurisdiction over [David's] disposable retired or retainer pay pursuant to the Uniform Services Former Spouses Protection Act of 1982, *as amended.*

(a) Pursuant to Section 580–47 of the Hawaii Revised Statutes [David's] disposable retired or retainer pay is subject to equitable division upon divorce.

. . . .

(c) [David] has been afforded his rights under the Soldiers and Sailors Civil Relief Act of 1940.

(d) [David] has consented to Family Court jurisdiction over his retired or retainer pay.

(e) At all times relevant hereto [David] has been a resident of the State of Hawaii other than because of military assignment.

(f) At all times relevant hereto [David] has been a domiciliary of the State of Hawaii.

If, at any time, [David] voluntarily causes a reduction in his gross retired or retainer pay, and thereby deprives [Leslie] of a part or all of her benefits conferred by this Section, [David] shall be deemed to have created a constructive trust for [Leslie's] benefit under Federal and all applicable State law, and [Leslie] shall thereupon have an interest in, and the right of immediate possession of, so much of [David's] property awarded hereby as is necessary to satisfy said trust. The Family Court shall have continuing jurisdiction to enforce the trust, and make all orders necessary to implement the trust.

On June 6, 2003, Leslie filed a Motion and Affidavit for Post–Decree Relief (June 6,

2003 Motion), (1) seeking relief from the financial harm caused her by the fact that "[David] has failed to pay [Leslie] the reduction in her retirement pay caused by him[,]" and (2) asking for an amendment of the language of the Divorce Decree "so that the Defense Finance Accounting Service will accept the Divorce Decree and put [Leslie] back on as the Survivor of [David's] benefits[.]" In an accompanying affidavit, Leslie stated, in relevant part, the following:

9. I have made a demand that [David] pay me directly the difference between what I was supposed to get and what I am currently receiving, but he has refused.

10. I also became aware that he put his new wife on as a survivor to his benefits excluding me as the survivor.

11. I have demanded that he put me back on as a survivor to his benefits, but to this date he has refused to do that too.

12. His refusal to live up to his Divorce Decree has caused me to have to take him back to court and I am asking this Honorable Court to award me my attorney's fees because of his noncompliance.

On August 8, 2003, after a hearing on July 16, 2003, Judge Bode A. Uale entered an "Order Granting in Part and Denying in Part Defendant Leslie T. Perez's Motion and Affidavit for Post–Decree Relief Filed on June 6, 2003".

On August 27, 2003, David filed a notice of appeal. On September 25, 2003, Judge Uale entered Findings of Fact and Conclusions of Law (FsOF and CsOL) that state, in relevant part, as follows:

### FINDINGS OF FACTS [sic]

. . . .

6. That on or about August 1997, [Leslie] started to receive approximately $456 per month for her 40% share of [David's] retirement payment.

7. That [David] converted his retirement benefits to VA Disability Benefits thereby reducing [Leslie's] monthly payment to $80 per month, which has risen slowly over time to $144 per month.

. . . .

10. That the divorce decree is silent on the survivor benefit plan and does not say that [Leslie] was awarded survivor benefits.

. . . .

12. That [Leslie's] total monthly gross income adding in $144 being received for retirement pay equals $1,864 a month and that [David's] total monthly gross income adding in $1,237 listed as "pension" equals $3,185 per month according to their respective Income and Expense Statements.

### CONCLUSION[S] OF LAW

. . . .

3. That the paragraph pertaining to "a constructive trust" is a reasonable, nonsubstantive enforcement provision that was agreed to by both parties.

4. That the Family Court is a court of equity and find[s] in this case that the equities favor [Leslie].

5. [Leslie] is entitled to be paid an amount equal to 40% of what [David's] gross retired or retainer pay would have been had that amount ... not been reduced by disability benefits requested by [David].

6. That [David] should pay these sums directly to [Leslie].

On November 5, 2004, this court entered an Order of Temporary Remand to Family Court. On December 8, 2004, Judge Uale entered the December 8, 2004 Amended Order, stating, in relevant part, as follows:

[Leslie's] request to amend the language in the Divorce Decree awarding survivor benefits to [Leslie] is hereby denied.

[Leslie's] request for an order requiring [David] to submit to an examination of judgment debtor under oath is hereby denied.

[Leslie's] request for an order sequestering, garnishing, attaching, executing on, and/or creating security in, specific property of [David] is hereby denied.

[Leslie's] request for an order assigning and garnishing [David's] income is hereby denied.

[Leslie's] request for an order directing [David] to reimburse her for all her legal expenses incurred in this motion is hereby denied.

[Leslie's] request for enforcement of the Divorce Decree is hereby granted.

[David] is hereby ordered to pay an amount equal to forty percent of what his gross retired or retainer pay would have been had that amount not been reduced by disability payments.

As of this hearing date, July 16, 2003, the arrearages are $21,536.20, as calculated by the attorneys for the parties.

The court will stay all payments pending [David's] appeal of this order except that [David] is ordered to pay $200 a month beginning August 1, 2003 directly to [Leslie].

This appeal was assigned to this court on May 19, 2004.

## DISCUSSION

David challenges the part of the December 8, 2004 Amended Order that states, in relevant part, as follows:

[Leslie's] request for enforcement of the Divorce Decree is hereby granted.

[David] is hereby ordered to pay an amount equal to forty percent of what his gross retired or retainer pay would have been had that amount not been reduced by disability payments.

As of this hearing date, July 16, 2003, the arrearages are $21,536.20, as calculated by the attorneys for the parties.

The court will stay all payments pending [David's] appeal of this order except that [David] is ordered to pay $200 a month beginning August 1, 2003 directly to [Leslie].

David also challenges COL no. 5 that states:

5. [Leslie] is entitled to be paid an amount equal to 40% of what [David's] gross retired or retainer pay would have been had that amount ... not been reduced by disability benefits requested by [David].

David contends that the family court violated the law that states courts are not authorized to divide military disability benefits in divorce cases. We disagree.

In *Jones v. Jones*, 7 Haw.App. 496, 780 P.2d 581 (App.1989), the husband, while on active duty in the United States Navy, suffered a heart attack, retired, and elected to receive tax-free disability pension benefits rather than longevity pension benefits. In a subsequent divorce case, the family court awarded the husband "all of his time-of-divorce right to receive veterans' and military disability pay post-divorce and awarded [the wife] marital property of a net cash value equal to the net cash value of [the husband's] time-of-divorce right to receive veterans' and military disability pay post-divorce." *Id.*, 7 Haw.App. at 500, 780 P.2d at 584. In response to the husband's appeal, this court stated, in relevant part, as follows:

Under federal and Hawaii law, can the $335,584.00 cash value of Husband's time-of-divorce entitlement to receive Navy and V.A. disability pay post-divorce be used as the basis for an award to Wife of other marital property of an equal cash value? Our answer is no.

*McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that military retirement pay is not divisible in kind in divorce actions. *A fortiori*, under *McCarty*, military disability pay was also not divisible in kind in divorce actions.

The Uniformed Services Former Spouses Protection Act (USFSPA) amended the *McCarty* rule and allowed "disposable retired or retainer pay" to be equitably divided in kind in divorce cases. 10 U.S.C. § 1408(c)(1) (1982). Disposable retired or retainer pay does not include disability pay. 10 U.S.C. § 1408(a)(4)(E) (Supp. 1989).

In *Mansell* [ *v. Mansell*], [490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989)], the U.S. Supreme Court answered the question whether state courts "may treat, as property divisible upon divorce, military retirement pay waived by the retiree in order to receive veterans' disability benefits." 490 U.S. at 583, 109 S.Ct. at 2025, 104 L.Ed.2d at 681 (1989). It held that the

USFSPA precluded state courts from dividing veterans' disability benefits in divorce cases. The USFSPA extends the *Mansell* rule to all military disability benefits. 10 U.S.C. § 1408(a)(4)(E).

In essence, disposable retirement or retainer pay is an entitlement that the recipient earns during his working years but receives during his retirement years. It is akin to an annuity for life that the recipient earns during his working years but receives during his retirement years. An annuity for life earned during the marriage, but receivable post-divorce, is property divisible in a divorce action. *See Linson v. Linson,* 1 Haw.App. 272, 618 P.2d 748 (1980).

On the other hand, disability pay is an entitlement that is generated when the recipient becomes disabled during the recipient's employment and, to the extent of his disability, cannot work. Like disability compensation under workers' compensation laws, military disability pay is paid in lieu of and is akin to income that is earned and received post-employment. Like other income that is earned and received post-divorce, disability pay is not property divisible in a divorce case. Under the USFSPA, as construed by *Mansell,* this rule applies to both veterans' and military disability benefits.

· The fact that a person cannot receive disability pay unless he waives his entitlement to disposable retirement or retainer pay and the fact that he makes the waiver does not change his disability pay into retirement or some other kind of pay. Moreover, a person cannot be penalized for making such a waiver. *See McCarty v. McCarty, supra.*

In the instant case, the family court did not divide in kind Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce. In other words, it did not award Wife a percentage of Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce. It awarded Husband all of his time-of-divorce right to receive veterans' and military disability pay post-divorce and awarded Wife marital property

of a net cash value equal to the net cash value of Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce. In our view, the family court thereby violated both federal law and Hawaii's rule that disability pay is paid in lieu of and is akin to income that is earned and received post-divorce and is not property divisible in a divorce case. Consequently, the family court reversibly erred when it awarded Wife $335,584.00 worth of property in consideration of the $335,584.00 cash value of Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce.

Neither Hawaii's rule nor federal law precludes the family court, when dividing property and debts in a divorce case, from considering as one of the relevant circumstances of the case under Hawaii Revised Statutes § 580–47(a) (Supp.1988) a party's time-of-divorce right to receive veterans' and military disability pay post-divorce in the same way that the family court considers each party's ability or inability to earn and receive income post-divorce. *Compare Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). · However, the family court's division of property and debts in this case was not based on this precept.

*Jones,* 7 Haw.App. at 498–500, 780 P.2d at 583–84.

Unlike the situation in *Jones,* when the Divorce Decree was entered in the instant case, David was not entitled to, and the family court did not divide, military disability benefits. The Divorce Decree lawfully awarded Leslie "a FORTY PERCENT (40%) portion of each payment of disposable retired or retainer pay" paid to David for his military service. It also lawfully stated that

If, at any time, [David] voluntarily causes a reduction in his gross retired or retainer pay, and thereby deprives [Leslie] of a part or all of her benefits conferred by this Section, [David] shall be deemed to have created a constructive trust for [Leslie's] benefit under Federal and all applicable State law, and [Leslie] shall thereupon have an interest in, and the right of immediate possession of, so much of [David's]

property awarded hereby as is necessary to satisfy said trust. The Family Court shall have continuing jurisdiction to enforce the trust, and make all orders necessary to implement the trust.

David alleges that "[i]n effect [he] is being penalized for being awarded disability payments." We disagree. He is being required to comply with the terms of the Divorce Decree with funds and assets other than disability payments.

The following precedent is instructive:

Following *Mansell[ v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989)], several jurisdictions, including Illinois, have conformably ruled that military disability pay is not subject to division. See *In re Marriage of Strunck*, 212 Ill. App.3d 76, 77–78, 155 Ill.Dec. 781, 570 N.E.2d 1 (1991); see also *In re Marriage of Franz*, 831 P.2d 917, 918 (Colo.App. 1992); *Fondren v. Fondren*, 605 So.2d 571, 572 (Fla.App.1992); *Jones v. Jones*, 7 Haw. App. 496, 499, 780 P.2d 581, 584 (1989); *Bewley v. Bewley*, 116 Idaho 845, 846, 780 P.2d 596, 597 (1989); *Davis v. Davis*, 777 S.W.2d 230, 232 (Ky.1989); *Harmon v. Harmon*, 617 So.2d 1373, 1377 (La.App. 1993); *Keen v. Keen*, 194 Mich.App. 72, 74, 486 N.W.2d 105, 106 (1992); *In re Marriage of Murphy*, 261 Mont. 363, 367, 862 P.2d 1143, 1145 (1993).

However, a growing number of courts have found *Mansell* to be inapplicable given certain language contained in the judgment for dissolution. For example, several courts have enforced judgments which provided that the military spouse would take no action to diminish his or her retirement pay and would indemnify the nonmilitary spouse for any such diminution. See *Abernethy v. Fishkin*, 699 So.2d 235, 239–240 (Fla.1997); *In re Marriage of Strassner*, 895 S.W.2d 614, 617–18 (Mo.App.1995); *Owen v. Owen*, 14 Va.App. 623, 626, 419 S.E.2d 267, 269 (1992). These courts reason that because the military spouse is free to satisfy the indemnity obligation with assets other than the disability benefits, there is no division of disability benefits in contravention of *Mansell*. *Abernethy*, 699 So.2d at 240; *Strassner*, 895 S.W.2d at 618;

*Owen*, 14 Va.App. at 626, 419 S.E.2d at 269. In *Abernethy*, the Florida Supreme Court explained: "[W]e hold that while federal law prohibits the division of disability benefits, it does not prohibit spouses from entering into a property settlement agreement that awards the non-military spouse a set portion of the military spouse's retirement pay. Nor does it exclude indemnification provisions ensuring such payments, so long as veteran's disability payments are not the source of such payments." *Abernethy*, 699 So.2d at 240.

This same result has been reached even where there was no express indemnity agreement. See *McHugh v. McHugh*, 124 Idaho 543, 545, 861 P.2d 113, 115 (App. 1993). In *McHugh*, the parties had agreed that the husband's monthly retirement payments would not be modified for any reason other than cost-of-living increases. *McHugh*, 124 Idaho 543, 861 P.2d 113. The husband thereafter waived a portion of his retirement pay to obtain disability benefits. *McHugh*, 124 Idaho at 544, 861 P.2d at 114. The trial court granted, and the reviewing court affirmed, an increase in the wife's percentage of the husband's disposable retired or retainer pay in order to maintain the wife at her original level of payments. *McHugh*, 124 Idaho at 545, 861 P.2d at 115. There are even several cases in this growing trend that closely parallel the facts of the case herein. See *In re Marriage of Gaddis*, 191 Ariz. 467, 470, 957 P.2d 1010, 1013 (App.1997); see also *In Re Marriage of Krempin*, 70 Cal. App.4th 1008, 1020–21, 83 Cal.Rptr.2d 134, 142–43 (1999); *Johnson v. Johnson*, 37 S.W.3d 892, 897–98 (Tenn.2001). In the first of those cases, *Gaddis*, the judgment for dissolution awarded the wife "one half of [the husband's] military retirement benefits as of February 1994." *Gaddis*, 191 Ariz. at 467, 957 P.2d at 1010. The judgment did not contain any provision concerning indemnification, modification, or direct responsibility on the part of the husband. *Gaddis*, 191 Ariz. at 467, 957 P.2d at 1010. The husband later obtained civil service employment, which required him to waive a portion of his retirement pay in order to avoid dual compensation.

*Gaddis,* 191 Ariz. at 468, 957 P.2d at 1011. Such a waiver is comparable to the waiver required to obtain disability benefits. The wife's entitlement was thereby reduced and she petitioned the trial court. *Gaddis,* 191 Ariz. at 468, 957 P.2d at 1011. The trial court ordered the husband to continue paying the wife the same monthly sum he owed before the waiver. *Gaddis,* 191 Ariz. at 468, 957 P.2d at 1011. The reviewing court affirmed, reasoning that at the time of the judgment for dissolution, there was no dual compensation offset because the husband had not yet obtained civil service employment. *Gaddis,* 191 Ariz. at 470, 957 P.2d at 1013. When he subsequently did, the decree had already established the wife's fixed interest in the military retirement benefits. *Gaddis,* 191 Ariz. at 470, 957 P.2d at 1013. By voluntarily waiving retirement benefits, the husband deliberately frustrated the judgment for dissolution. *Gaddis,* 191 Ariz. at 470, 957 P.2d at 1013. The reviewing court determined that the order need only avoid specifying an improper source of funds for the payments to be in conformity with *Mansell.* *Gaddis,* 191 Ariz. at 470, 957 P.2d at 1013. The *Johnson* and *Krempin* courts reached a similar result. In *Johnson,* the parties' judgment for dissolution provided that the wife would receive "one half of all retirement benefits due the husband." *Johnson,* 37 S.W.3d at 894. One year after the dissolution had been entered, the husband elected to waive a portion of his military retirement pay for disability benefits. *Johnson,* 37 S.W.3d at 894. The wife filed a petition to enforce the judgment for dissolution, which the trial court denied. *Johnson,* 37 S.W.3d at 894. On appeal, the reviewing court reversed, reasoning that when a judgment for dissolution divides military retirement benefits, a nonmilitary spouse has a vested interest in his or her portion of those benefits as of the date of the court's decree. *Johnson,* 37 S.W.3d at 897. That vested interest cannot be unilaterally diminished by an act of the military spouse. *Johnson,* 37 S.W.3d at 897.

*Krempin,* like *Johnson,* involved a situation where, pursuant to a judgment for dissolution, the wife had been receiving monthly payments reflecting a certain percentage of the husband's military pension. *Krempin,* 70 Cal.App.4th at 1011, 83 Cal. Rptr.2d at 136. More than two years after the wife's payments had commenced, the husband's disability rating was increased to 100% from 40%. *Krempin,* 70 Cal. App.4th at 1011, 83 Cal.Rptr.2d at 137. The husband therefore ceased receiving a monthly pension and, accordingly, the wife ceased receiving monthly payments. *Krempin,* 70 Cal.App.4th at 1011, 83 Cal. Rptr.2d at 137. The wife unsuccessfully petitioned the trial court for relief. *Krempin,* 70 Cal.App.4th at 1011, 83 Cal.Rptr.2d at 137. On appeal, the reviewing court reversed and remanded for a determination as to whether the parties intended that the wife receive a share of the husband's total retirement pay or just the disposable retired or retainer pay. *Krempin,* 70 Cal.App.4th at 1020–21, 83 Cal. Rptr.2d at 142–43. The reviewing court concluded that if the parties' intent was that the wife receive a share of the husband's total retirement pay, enforcing the divorce decree as it had been intended would not offend *Mansell* so long as the husband would be able to satisfy his obligation with assets other than his disability benefits. *Krempin,* 70 Cal.App.4th at 1021, 83 Cal.Rptr.2d at 143.

Based on the foregoing persuasive authority, we believe that a party's vested interest in a military pension cannot be unilaterally diminished by an act of a military spouse, and we apply this principle to the present case. Here, the parties agreed that Susan would receive "25% of the gross retired or retainer pay due Mark." It is clear that the parties intended that Susan would receive a percentage of Mark's total retirement pay and not just his disposable retired or retainer pay. The parties' intent was incorporated into the judgment for dissolution. Mark retired and the judgment for dissolution was implemented. However, Mark thereafter decided to accept an increased amount of disability benefits. This resulted in a reduction of Mark's disposable retired or retainer pay. This accordingly reduced Susan's entitlement. Mark certainly had a legal right to

receive disability benefits, but his doing so caused a diminution in the amount of his retirement pay that Susan had been receiving for over three years. Mark's decision frustrated the parties' intent and the trial court's judgment for dissolution. Indeed, to allow Mark to unilaterally diminish Susan's interest in his military pension would constitute an impermissible modification of a division of marital property. As such, we affirm the trial court's order of November 3, 2000, in which it ruled that Susan was entitled to an amount equal to 25% of Mark's military pension as it existed on the date he retired. Because the trial court's November 3, 2000, order does not directly assign Mark's military disability pay, it does not offend the United States Supreme Court's ruling in *Mansell*.

However, we believe that the trial court's order of April 30, 2002, is in direct contravention of *Mansell*. The trial court's April 30, 2002, order specifically orders Mark to withhold and pay over to Susan 22.5% of his monthly disability benefits. This was improper. Pursuant to *Mansell*, courts may not treat as divisible military disability pensions. *Mansell*, 490 U.S. at 594–95, 109 S.Ct. at 2032, 104 L.Ed.2d at 689. Mark must be able to satisfy his obligation with a source of funds other than his disability benefits. Accordingly, we reverse the trial court's order of April 30, 2002, and remand the cause for further proceedings. On remand, the trial court must determine if Mark is free to satisfy his obligation with assets other than his disability benefits, and draft a new order accordingly. This will ensure conformity with *Mansell*. Parenthetically, we note that the USFSPA allows a nonmilitary spouse to receive up to 50% of a military spouse's disposable retired or retainer pay. 10 U.S.C. § 1408(e)(1) (2000). For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for additional proceedings.

*In re Marriage of Susan Nielsen,* 341 Ill. App.3d 863, 867–70, 275 Ill.Dec. 369, 792 N.E.2d 844, 847–50 (2003).

## CONCLUSION

Accordingly, we affirm the December 8, 2004 Amended Order Granting in Part and Denying in Part Defendant Leslie T. Perez's Motion and Affidavit for Post–Decree Relief Filed on June 6, 2003.